Per Curiam,
When a man has maintained adverse and hostile possession to land for twenty-one years, he acquires an indefeasible title, as good as any known to the law, though not perhaps as satisfactory or convenient. He need no longer “ keep his flag flying.” It has done its work, and he may haul it down. It was not error, therefore, to decline the defendant’s third point, and to instruct the jury that “ if Mr. Hughes has acquired title by twenty-one years’ adverse possession, the mere fact that he had set back his fence would not of itself vest a title against him in Mr. Jones.” It requires no argument to show that, when a man has acquired title to a strip of ground, the mere fact of his setting back his fence for his own convenience cannot effect his right and vest the title to the land in another. Nor was it error to refuse to instruct the jury that “the evidence to prove the bar of the statute of limitations must be free from doubt or the parties are to be remitted to their legal rights.” The question of the bar of the statute is to be decided by the weight of the evidence, as in most other questions of fact in civil causes. The error alleged in the thirteenth assignment was cured by the action of the court below upon the motion for a new trial. The verdict was reduced to its proper amount, and the plaintiff filed a remittitur for the excess. There is nothing in the other assignments to require comment. The charge was fair, accurate and satisfactory.
Judgment affirmed.