## Geo. P. Kron v. Geo. B. Daugherty, Appellant.

*Evidence—Ejectment—Discrepancy between description and boundaries.*

The marks upon the ground, if clearly established, are superior evidence of location to the scrivener's record of distances. The mistake in a draft may be shown by the work on the ground. The latter is the survey, the other the evidence of it. When they differ the line on the ground must govern just as an original will govern a copy.

*Ejectment—Shifting of fences by owner as affecting title.*

When a man has acquired title to a strip of ground, the mere fact that he has set back his fence for his own convenience cannot affect his right and vest the title to the land in another.

*Evidence—Burden of proof—Ejectment—Courses and distances.*

The burden of proving a different boundary from that marked upon the ground and by which the parties have held, is upon the one claiming by courses and distances in the deed.

*Evidence to prove bar of statute of limitations.*

Evidence to prove the bar of the statute of limitations must be free from doubt and is to be decided by its weight.

*Province of court—Charge of court—Ejectment—Boundaries—Statute of limitations.*

Where the evidence is not free from doubt as to the boundaries and fences on the ground and as to whether or not they were shifted, and, if so for what purpose, during a period of twenty-one years, the status of such boundaries and their bearing upon the statute of limitations is for the jury

and it is error for the court to instruct the jury that the statute of limitations cannot apply to the case.

Argued May 9, 1898. Appeal, No. 19, April T., 1898, by defendant, from judgment of C. P. Armstrong Co., Sept. T., 1891, No. 61, on verdict for plaintiff. Before RICE, P. J., WICKHAM, REEDER, ORLADY, SMITH and PORTER, JJ. Reversed.

Ejectment. Before RAYBURN, P. J.

It appears from the record and evidence that this was an action of ejectment brought by plaintiff against defendant to recover a lot of ground thirty-three feet nine inches in width and twenty-six feet six inches in depth, and arises from the following state of facts:

On the 31st of May, 1865, Wm. F. Johnston and John Gilpin were the owners of out lot No. 7, Kittanning, Pa., and on that day sold the same to George B. Daugherty and Harmer D. Daugherty. In the body of the deed was the following draft:

```
                    LAND OF FRANKLIN REYNOLDS.
            ┌ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ┐
                         STREET OR ALLEY.
 B   ┌──────────────────────────────────────────────────────────┐
 A   │ 148 Feet.    │              213 10-12 Feet│213 10-12 Feet │
 C   │  78¼ feet    │  A           │              │               │
 K   │     C        │  L           │    D         │    B          │
     │   HARMER.    │  L           │              │               │
 S   │              │  E  10 F. W. │  HARMER.     │  GEORGE.      │
 T   │  78¼ feet    │  Y           │              │               │
 .   │     A        │              │              │               │
     │   GEORGE.    │              ├──────────────────────────────┤
 O   │   148 Feet.  │              │  ALLEY  TEN  FEET  WIDE.     │
 R   ├──────────────────────────────────────────────────────────┤
                         OUT-LOT NO. 8.
 A
 .
 V
 .
 R
 .
 R
 .
```

Allotments A and B were conveyed in severalty to George and allotments C and D to Harmer in severalty. Harmer conveyed allotment D to Geo. Kron the plaintiff. The theory of the defendant was that when the measurements were made upon the ground that after allowing 213 feet ten inches for each allotment B and D, that allotments A and C were 177 feet three inches in length and that the ten foot alley was laid out

upon the ground, a distance of 177 feet and three inches east-ward from the A. V. R. R.   There was evidence tending to show that this alley had been laid out upon the location now claimed by defendant (viz: 177 feet three inches eastward from the Allegheny Valley R. R.) as early as 1867 and that it was plainly marked upon the ground and traveled upon without let or hindrance from that time to the present time.   This was the only alley on the ground.   At the place where the plaintiff claims the alley should be, to wit: 148 feet eastward from the A. V. R. R., there never has been an alley on the ground and the space where the plaintiff claims the alley should be has been fenced in and buildings erected upon its site for upwards of twenty-five years.

The defendant claimed, (1) that under the præcipe and evidence in the case the property was not described with sufficient certainty to locate it; (2) that he had occupied the land in dispute for upward of twenty-one years prior to suit brought and that such occupation had been hostile, uninterrupted, continued and adverse; (3) that in a former case between H. D. Daugherty, the plaintiff's vendor and Nancy Stivason, the question at issue in the present case had been adjudicated; (4) that the deed of H. D. Daugherty to Geo. P. Kron called for an alley as the western boundary, and that at that time there was an alley well defined upon the ground on the western boundary, and that the distances in deed must give way to the boundaries found upon the land; (5) the defendant was also aggrieved by the action of the court in taking the case entirely from the jury without allowing them to decide the questions of fact, and in directing them to find a verdict for the land described in plaintiff's point, which description differed from the land described in the writ.

Verdict for plaintiff for the portion of land described in the plaintiff's writ.   Defendant appealed.

*Errors assigned* among others were (2) in refusing the following offer of testimony of R. L. Ralston, a witness on part of defendant: "Mr. Patton: We now offer to show by the witness on the stand that, after allowing 177 feet and three inches for the length of allotments A and C, and ten feet for an alley back of them, that from measurements upon the ground

he found that allotment D contains 213 feet, and allotment B 213 feet. This for the purpose of showing that the marks upon the ground do not correspond with the deed. To be followed by evidence that at the time of the purchase of G. B. Daugherty and H. D. Daugherty from Dr. John Gilpin et al., on the 31st day of May, 1865, and also at the time of the purchase of George P. Kron from H. D. Daugherty, there was an alley ten feet wide, well defined and marked upon the ground, back 177 feet and three inches from Grant avenue. Mr. Leason: It is incompetent and irrelevant, because it does not purport to show, even if admitted, title to the land described in the writ in the defendant; that there is more ground in allotments D and B than that mentioned in the draft. By the Court: We will sustain the objection and give the defendant an exception and sealed bill." (3) In refusing the following offer of testimony of George B. Daugherty, a witness on part of defendant: Mr. Patton: We offer to prove by the witness on the stand that there is a surplus in outlot No. 7, Kittanning borough, that allotment D contains 213 feet and ten inches, that allotment B contains 213 feet and ten inches, and that the lengths of allotments A and C are 177 feet and three inches. This for the purpose of accounting for the discrepancy between the deeds and the marks upon the ground. Mr. Leason: It is objected to as incompetent and irrelevant; and further, that the witness is not competent to testify concerning the partition of the property made with H. D. Daugherty, now deceased, whose vendee is the plaintiff in suit. Mr. Patton: In reply defendant's counsel says, it is only proposed to ask the witness as to an existing fact. By the Court: We will sustain the objection, and on request of defendant, exception allowed and sealed. (4) In refusing the following offer of testimony on part of the defendant: " Mr. Patton: We offer deed of George P. Kron to George Milson for tract of land, part of outlot No. 7, facing fifty feet on Cemetery avenue, and what we propose to prove is : We propose to offer the deed of George P. Kron to William Heilman, deed of George Kron to George Milson, deed of George Kron to Daniel Crytzer, deed of George Kron to George Daugherty, for the purpose of showing that George P. Kron, the plaintiff, has received and sold property facing on Cemetery avenue 212 feet. This for the purpose of showing that he has

received all the land that he is entitled to under the deed of Johnston & Gilpin to George B. Daugherty and H. D. Daugherty. This for the purpose of showing to the jury the true location of the alley between allotment D and allotments C and A; and for the further purpose of showing that the western boundary of the property of George P. Kron, as described in the deed of H. D. Daugherty to him, was an alley located 177 feet and three inches from Grant avenue. Mr. Leason: Objected to as incompetent and irrelevant. By the Court: We have already ruled that question in another proposition. We will sustain the objection, and on request of defendant exception allowed and sealed." (7) In the general charge as follows: "Had it not been for the evidence undisputed offered here that from a certain time from about 1868 or 1869 up until 1879 or 1880, along there, that the piece of property in dispute was thrown out from the enclosure or boundary of the lot that Geo. B. Daugherty owned, we would say as a matter of law that the statute of limitations would be good under that, but that having been thrown out, and Geo. B. Daugherty having testified on the case between Nancy Stivason and H. D. Daugherty that his lot extended 148 feet, and that he had moved his fence back to there we have to hold as a matter of law that the statute of limitations does not apply in this case." (8) In affirming the first point on part of the plaintiff which point and answer are as follows: "The court is respectfully requested to charge the jury, that the verdict must be in favor of the plaintiff for so much of the land described in plaintiff's writ as is included in the following boundary, namely: Beginning at a point on line of lots of Eliza J. Finley and the defendant, Geo. B. Daugherty, 153 feet east from Grant avenue, as shown by the draft of R. S. Slaymaker in evidence in this case, thence north thirty-five degrees west thirty-three feet nine inches by line in middle of abandoned alley, to line of land of Mrs. Nancy Stivason; thence along line of Stivason lot twenty-four feet six inches, to southeast corner of Nancy Stivason lot; thence south thirty-five degrees east thirty-three feet nine inches to a post; thence south fifty-five degrees west twenty-four feet six inches to the place of beginning. And we say to you, gentlemen, that under the evidence in this case and the law as we view it, it would be your duty to return a verdict in favor of

the plaintiff for the land described in the writ as contained within the boundaries, courses and distances mentioned in this proposition of law submitted on the part of the plaintiff, together with six cents damages and six cents costs." (11) In refusing defendant's fifth point, which point is as follows: " 5. That if the jury believe the evidence of Frank Reynolds, Ross Reynolds, K. H. Stivason and Mrs. Nancy Stivason and others, that there was an alley well defined and marked upon the ground at the time of the sale of H. D. Daugherty to George P. Kron, to wit: on the 5th day of February, 1872, and said deed of Daugherty to Kron called for an alley as the western boundary of the land then conveyed, then the distances in the deed and plot from Gilpin and Johnston to H. D. Daugherty and G. B. Daugherty must give way to the boundaries found upon the land." (12) In refusing defendant's sixth point, which point and answer are as follows : " 6. When adjoining owners have for twenty-one years recognized and adopted a marked line as their mutual boundaries, they are each protected by the statute of limitations, even though it is not the line mentioned in the deed. *Answer :* Refused."

. *W. D. Patton*, with him *Orr Buffington*, for appellant.—Proof of the bar of the statute need not be free from doubt; it must be decided by the weight of the evidence : Jones v. Hughes, 16 Atl. Rep. 849.

All the evidence in the case as to location of ground was taken from the jury and everything settled by the court. This certainly has the merit of novelty. The questions of fact should have been left to the jury : Morse v. Rollins, 121 Pa. 537.

The declarations of a former owner, in relation to the boundaries of land of which he was in possession, are competent evidence : Dawson v. Mills, 32 Pa. 302.

The boundaries in a deed always give way to the boundaries found on the ground : Lodge v. Barnett, 46 Pa. 477 ; Morse v. Rollins, 121 Pa. 537.

The burden of proving a different boundary from that on the ground is on the one claiming by the courses and distances in the deed : Dawson v. Mills, 32 Pa. 302.

*M. F. Leason*, with him *H. L. Golden*, for appellee.

OPINION BY ORLADY, J., November 21, 1898:

This action of ejectment was brought to recover a strip of ground in the borough of Kittanning, on the trial of which the court refused all points submitted by the defendant, and directed the jury to return a verdict in accordance with the only point submitted by the plaintiff.

The land in dispute was a part of a tract which was designated in the general plan of the borough as outlot No. 7, and which, by a sketch in a deed of Johnston & Gilpin to George B. Daugherty and Harmer D. Daugherty, dated May 31, 1865, was subdivided into four purparts, so that an alley ten feet wide was located between three of the purparts, east of, and 148 feet distant from Back street now Grant avenue.

It was claimed by the defendant that the true location of the alley was 177 feet three inches east of Back street, which location was evidenced by well-defined marks on the ground. The true location of this alley was the sole question in the case.

Evidence was offered in support of the defendant's contention, but it was excluded under objection; his fifth and sixth points being as follows: "5. That if the jury believe the evidence of Frank Reynolds, Ross Reynolds, K. H. Stivason and others, that there was an alley well-defined and marked upon the ground at the time of the sale of H. D. Daugherty to Geo. P. Kron, to wit: On the 5th day of February, 1872, and said deed of Daugherty to Kron called for an alley as the western boundary of the land then conveyed, then the distances in the deed and plot from Gilpin and Johnston to H. D. Daugherty and G. B. Daugherty must give way to the boundaries found upon the land. 6. When adjoining owners have for twenty-one years recognized and adopted a marked line as their mutual boundaries, they are each protected by the statute of limitations even though it is not the line mentioned in the deed."

The true location of the alley was sufficiently doubtful to move the plaintiff to modify his claim by asking to recover the land described in the writ, " with the exception, that out of precaution the west line of the land recovered is fixed by the middle of the alley dedicated as such in the deed by Johnston & Gilpin to the Daughertys, which by reason of the same being closed by Mrs. Stivason has been abandoned, and a new alley opened entirely on land of Harmer P. Daugherty, now Geo.

P. Kron," as stated in the point submitted by the plaintiff and in his argument before this court.

If the western boundary of the Kron lot was fixed in the deed by an alley ten feet wide, and that alley was plainly marked on the ground at the time of his purchase, his title extended no farther than the alley.

The learned trial judge instructed the jury that, under the undisputed evidence, for an uncertain time between 1868 and 1880, the piece of property in dispute was thrown out from the enclosure, owned by Geo. B. Daugherty, and that the statute of limitations did not apply to the case; but the evidence also shows that the fence of the lot was moved back, and, if not to its original location, was so placed that the land it formerly inclosed was used by its owner for special purposes in connection with the other part of the lot. On this phase of the case the evidence is not free from doubt, and it should have been submitted to the jury, as was requested in the defendant's fifth point. The marks upon the ground, if clearly established, would be superior evidence of location to the scrivener's record of the distance from the street to the alley. The mistake in a draft may be shown by the work on the ground. The latter is the survey, the former but the evidence of it. The one may be said to be the substance, and the other the shadow, the one the fact, the other its delineation. When they differ, the line on the ground must govern, just as an original will govern a copy; unless, indeed, where it is apparent that the work on the ground is a mistake, and it is shown to be so by extrinsic evidence: Caldwell v. Holler, 40 Pa. 160.

The contradictions between the courses and distances mentioned in the deed and the well-ascertained marks upon the ground must be resolved in favor of the boundaries found upon the ground, as held in Lodge v. Barnett, 46 Pa. 477, and Morse v. Rollins, 121 Pa. 537; and the burden of proving a different boundary from that marked upon the ground, and by which the parties have held, is upon the one claiming by the courses and distances in the deed: Dawson v. Mills, 32 Pa. 302. It requires no argument to show that when a man has acquired title to a strip of ground, the mere fact that he has set back his fence for his own convenience cannot affect his right and vest the title to the land in another. The evidence to prove the bar of the statute

of limitations must be free from doubt, and is to be decided by its weight: Jones v. Hughes, 16 Atl. Rep. 849.

The second, third, fourth, seventh, eighth, eleventh and twelfth assignments of error are sustained, the judgment reversed, and a venire facias de novo awarded.