McGEE v. SMITHERMAN.

Opinion delivered November 16, 1901.

1.  INSTRUCTION—LIMIT OF DAMAGES.—The failure of an instruction to limit the amount of recovery to the sum claimed was not prejudicial if the amount of damages allowed by the jury did not exceed that claimed in the complaint. (Page 637.)

2.  SAME—DAMAGES GOVERNED BY EVIDENCE.—An instruction that if the jury find for plaintiff they will allow him a fair compensation for the loss sustained is not objectionable for failure to state that the jury were to be governed by the evidence. (Page 637.)

3.  SAME—GENERAL AND SPECIFIC.—Appellant cannot complain that an instruction was too general if he did not ask for one more specific. (Page 637.)

4.  SAME—ASSUMING UNDISPUTED FACTS.—An instruction, in a personal damage suit, that, if the jury find for plaintiff, they "will allow" him damages for his loss of time, for his loss of capacity to work, for the disfigurement of his person, and for the pain and suffering resulting from the injury, is not prejudicial if the undisputed evidence shows that the injuries mentioned were sustained. (Page 637.)

Appeal from Pulaski Circuit Court.

JOSEPH W. MARTIN, Judge.

*J. J. Williams* and *J. A. Watkins,* for appellants.

No one can recover for an injury which he brought upon himself. 41 Ark. 542; 45 Ark. 318; 46 Ark. 388; 36 Ark. 371; 36 Ark. 41; 62 Ark. 245; 56 Ark. 271. The engineer and appellee were fellow servants. The appellee cannot recover if his injuries were caused by the engineer. 39 Ark. 21; 42 Ark. 417; 61 Ark. 302.

*Marshall & Coffman,* for appellee.

*J. J. Williams* and *J. A. Watkins,* in reply, for appellants.

The instruction as to measure of damage is erroneous in that it does not limit the amount of recovery. 61 Mo. 19; 57 Mo. App. 335; 20 Ill. 449; 4 Col. 353; 10 Col. 535; 19 Mo. App. 107; 39 Ill. 164; 60 Ark. 481. If the instruction is erroneous,

the case must be reversed. 99 Mo. 347; 39 Hun, 107; 57 Iowa, 23; 64 Cal. 272; 10 Pa. St. 145. The language of the instruction clearly imports a requirement by the court, which is error. 79 Ill. 594. The instruction gives the jury a roving commission to assess damages. 8 Am. & Eng. Enc. Law, 651; 177 Pa. St. 1; 24 S. W. Rep. 299; 15 Ind. App. 69. Loss of capacity must be considered. 87 Texas, 539; 8 Am. & Eng. Enc. Law, 651; 98 Ala. 378; 79 Texas, 371. The right of recovery should have been limited to appellee's expectancy. 65 Ark. 627; 51 Ark. 515; 60 Ark. 560; 57 Ark. 321.

*Marshall & Coffman,* for appellee, in reply.

Instruction No. 2 states the law. 58 Ark. 136; 70 Md. 328; 76 Mo. 408; 97 Mo. 253; 104 Ind. 429; 72 Ind. 202; 67 Cal. 319. The jury were not misled by the instruction. 39 Ill. 164; 4 Col. 363; 35 Ark. 494; 37 Ark. 522; 48 Ark. 344; 60 Ark. 538; 57 Ark. 314; 67 Ark. 209; 118 U. S. 546; 5 Am. & Eng. Enc. Law (1st Ed.), 41.

BATTLE, J. This action was brought by Smitherman against McGee, Kahman & Co. to recover the damages he sustained by reason of personal injuries which he received while in defendant's employment. He alleged, in his complaint, that the defendants were, on the 6th day of June, 1899, bridge contractors, and had a contract with the Little Rock Bridge Company to construct what is known as the Choctaw and Memphis Bridge across the Arkansas river at Little Rock, Ark.; that on that day he was in the employment of defendants as a carpenter, and engaged in building caissons for the construction of the bridge, under the control, superintendence and direction of H. P. Lee, who was then employed by the defendants, and was acting as foreman for them; that on that day he was directed by Lee, as foreman, to aid in the elevation of several large pieces of timber, and placing them on top of one of the caissons as deck plates, by fastening derrick hooks in the middle of each and holding one end thereof until it was sufficiently elevated to be swung around and let down upon the caisson; that, after a number of plates had been raised and placed, plaintiff, according to the directions of Lee, fastened the derrick hooks upon one of the plates, which was twelve inches square and twenty feet long, and held on to the end thereof while the same was being elevated, and that, before the same had reached a sufficient height for him to turn it loose, so that it might be let down upon the top

of the caisson, the foreman, well knowing the dangerous and exposed position of plaintiff, negligently gave a signal to the engineer, who had control of the engine running the derrick, to slacken the rope by which said plate was suspended, which he did, causing the said plate to fall suddenly upon plaintiff, without giving him any time or opportunity to protect himself, crushing and breaking his left leg at and below the knee in several places and making a cripple of him for life, also injuring him about the breast and other parts of the body; that he has, on account of his injuries, suffered great mental and bodily pain, and has lost much valuable time, and incurred large expenses for medical and surgical attention and other expenses growing out of said injuries, and he is permanently disabled from earning a living by his labor, to his damage in the sum of $10,000.

The defendants, answering, said: "It is true that they compose a firm doing business under the firm name and style of McGee, Kahman & Co., as contractors, and on the 6th day of June, 1899, were engaged in constructing what is known as the Choctaw and Memphis Bridge across the Arkansas river at Little Rock, Ark. It is true that on said day plaintiff was in their employ as a carpenter, and engaged in the construction of caissons for such bridge, but deny that he was under the control, superintendence and direction of H. P. Lee, who, they admit, was one of the foremen employed by the defendants, and further deny that said H. P. Lee was acting for them in the construction of said caissons. They admit that it was part of plaintiff's duties, and he was directed by said H. P. Lee, to aid in the elevation of several large pieces of timber intended to be placed on top of one of said caissons, as derrick plates, by fastening the hooks in the middle of each; but it is not true that he was directed by said H. P. Lee, or any one else acting for defendants, nor was it part of his duties, to hold one end of said timbers until they were sufficiently elevated to be swung around and let down upon said caissons. It is true that, after a number of said timbers had been thus raised and placed, plaintiff, as was his duty, fastened the derrick hooks upon one of said plates or timbers; but they deny that he held on to the end thereof while the same was being elevated, and that before the same had reached a sufficient height for him to turn it loose, so that it might be let down upon the top of the caisson, the foreman, well knowing the dangerous and exposed position of plaintiff, negligently gave a signal to the engineer who had control of the engine running said

derrick to slacken the rope by which·said plate was suspended, which he did, causing the said plate to fall suddenly upon plaintiff without giving him any time or opportunity to protect himself, crushing and breaking his left leg at and· below the knee in several places, and making a cripple of him for life, also injuring him about the breast and other parts of the body. Defendants say. that if plaintiff received injuries from the falling of or coming in contact with said timber, at the time alleged in his said complaint, said injuries were the result of his own negligence in disobeying his duties and the instructions ·of his employers, and but for his contributory negligence said injuries would not have resulted to him. They deny that, on account of said injuries, plaintiff suffered great mental and bodily pain and lost much valuable time and incurred large expenses for medical and surgical attention and other expenses growing out of said injuries, or that he is permanently disabled from earning a living by his labor, to his damage in the sum of $10,000 or any other amount."

Considerable evidence was adduced by both parties, tending to sustain the allegations in the pleadings of the party- adducing the same as to negligence, and proving that the plaintiff received the injuries as alleged in his complaint.

The jury, having heard the evidence and the instructions of the court, returned a verdict in favor of plaintiff in the sum of $1,850; and the defendants appealed. They (the appellants) insist that this verdict should be set aside for two reasons: First. Because the court erred in refusing to grant their third request for instructions to the jury. Second. Because the court erred in giving the second instruction given at the instance of appellee.

The third request is as follows: "3. If you find from the evidence that plaintiff received the injuries complained of by reason of disobeying the instructions or warnings of his superior foreman, which he heard, or by giving proper attention to his duties could have heard, then he cannot recover in this action, and your verdict may be for the defendants."

All of this request that should have been granted was given in instructions numbered 4 and 5 at the request of⸱ appellants, and are as follows:

"4. If you find from the evidence that the foreman, Lee, prior to the accident, warned the plaintiff to get away from the place where he was, and that such warning was given loudly enough and distinctly enough to have been understood by a person of

ordinary hearing at the place where the plaintiff then was, and Lee then had reasonable grounds to believe that such warning would be heard by plaintiff, and if you further find that, after giving such warning, there was time enough for plaintiff to get away by exercising reasonable care and speed before the timber dropped, then your verdict may be for the defendants.

"5. The defendants were not insurers of the plaintiff against accident while in their employ. On the contrary, the plaintiff assumed all the ordinary and usual risks and hazards incident to the employment in which he was engaged. And if you find that he was injured while at work in the employ of the defendant, still your verdict should be for the defendants, unless you further find from the evidence that such injury was caused by the negligence of the foreman, Lee, in failing (if he did fail) to warn the plaintiff that the timber was about to be dropped in time for a prudent man of ordinary activity, placed as plaintiff then was, to remove beyond danger before it fell."

Second. The second instruction given at the request of appellee is as follows:

"2. If you find for the plaintiff, you will allow him a fair compensation for the loss of time from his business or occupation, his loss of capacity, if any, for the performance of the kind of labor for which he is fitted, the disfigurement of his person, if any, and for the pain and suffering resulting from said injury."

The objections urged against this instruction are as follows:

1. "It does not limit the amount plaintiff might recover to the amount claimed in the petition.'

2. "It does not require that the 'fair compensation,' the amount which plaintiff might recover, should be fixed and determined from the evidence."

3. "The measure of damages is a question of law, and the court should inform the jury with accuracy what the rule is."

4. "The jury are told that if they find for the plaintiff 'you will allow him,' etc. This language clearly imparts a requirement by the court and an obligation upon the jury."

5. "The jury are given a 'roving commission,' not limited by the evidence, to assess a fair compensation for his loss of capacity, if any, for the performance of the kind of labor for which he is fitted."

6. "The jury are further told to allow plaintiff for the 'loss of time' from his business or occupation, it being assumed that there was such loss."

We shall consider these objections in the order they are stated:

First. As the amount of damages allowed by the jury did not exceed that claimed in the complaint, the appellants were not prejudiced by the failure of the instruction to limit the amount of recovery to the sum claimed.

Second. There was no means by which the jury could determine what would be a fair compensation for the loss sustained by the appellee, except the evidence, and it was, therefore, plainly implied, and every intelligent juror is presumed to have understood, that the jury were to be governed by the evidence.

Third and fifth. If the instruction of the court was too general, the appellants could not complain. They did not ask for a more specific instruction. "That the court's charge was general in its terms is no ground for reversing a judgment, if no request was made for a more specific charge." *Fordyce* v. *Jackson,* 56 Ark. 394.

Fourth. No prejudicial error was committed by the use of the words "will allow" in the instruction. The undisputed evidence shows that the injuries mentioned in the instruction were sustained, and there is nothing in the words objected to which indicate to the jury what amount of damages they should allow.

Sixth. The instruction to the jury to assess damages for the "loss of time" from business or occupation was not prejudicial because the court thereby assumed that there was such loss. The undisputed evidence shows that appellee lost time from his business or occupation.

Judgment affirmed.