Margaret B. Lane, Plaintiff in Error, *v.* Francis Bommelmann, Defendant in Error.

ERROR TO ST. CLAIR.

All public acts of Congress in relation to the public lands, and the acts of such officers to whom execution of them is confided, as are required to make and keep public records in relation thereto, may be shown by the public records, or by copies duly authenticated, and these are admissible in evidence.

If a record shows that a court had jurisdiction of the subject matter and the person, the judgment rendered by the court cannot be collaterally questioned for errors of substance or form.

A certified copy of a patent for land issued by the United States, may be offered in evidence.

This was an action of ejectment brought by the plaintiff in error to recover possession of the east half of lot two in north half of claim 2209, survey 607, in St. Clair county, which by consent of parties was tried by the court, Breese, Judge, presiding, without a jury, at July term, 1854. The plaintiff claimed a fee in the premises. Plaintiff introduced an exemplification of a patent from the U. S. to John Edgar and Authur St. Clair, Jr., dated 7th August, 1817, for said claim and survey, which was admitted *pro forma*. And then offered to produce in evidence, a judgment of the Circuit Court of St. Clair county, made at the September term, 1833, of partition of said claim and survey, (the petition in the case having been filed on the 3rd April, 1833,) between the heirs of said John Edgar, and the heirs of Arthur St. Clair, Jr., whereby, in the language

of the order of court, "The northern half to fall to the lot of John Edgar's heirs, and the southern half to the lot of Arthur St. Clair's heirs," to the reading of which in evidence the defendants objected, which objection was sustained by the court, and the same excluded ; to the excluding of which the plaintiff at the time excepted.

Plaintff then offered in evidence the petition of Wm. Morrison, adm'rof John Edgar, deceased, to the Circuit Court of Randolph county, for the sale of this land among others, to pay debts of said estate ; which petition was filed on the 16th of April, 1833, (which was subsequent to the commencement of the suit for partition in the St. Clair Circuit Court,) and the order of sale granted thereon, made at the April term, 1834, (subsequent to the judgment in partition in St. Clair Circuit Court,) to sell all the interest of John Edgar at the time of his death in said claim 2209, survey 607, together with other lands. Also the deed from William Morrison, administrator, to Ninian W. Edwards, for said land, dated Aug. 26, 1834, and deed from Ninian W. Edwards and others to the plaintiff, dated May 4, 1854, several tracts of land, embracing the tract in controversy, together with the deed referred to in said last deed mentioned.

The court found for the defendant.

Plaintiff moved for a new trial, which was overruled, to which plaintiff excepted and brings the cause to this court, and assigns for error the judgment of the court below in excluding said judgment of partition from the evidence.

G. TRUMBULL, for Plaintiff in Error.

G. KOERNER, for Defendant in Error.

SCATES, C. J. A certified copy of the patent was admitted in evidence *pro forma* below, and is now objected to, on the ground that such copies are not embraced within the statutes of the State, or the United States, relating to copies of records as evidence. True it is not—nor need there be any statute for that purpose, as it is admissible at common law. The power of the government for the disposition of the public lands, has its foundation in the constitution itself. All public acts of Congress for that purpose, and of public officers in their execution, who are required to make and keep public records of their surveys, sales and conveyances, may be competently shown by the public records thus made and kept, or by copies thereof, duly certified by the proper officer under seal of his office. 1 Stark. Ev. 226, 230, 251 ; 3 Bacon Abrid. tit., Ev. F. p. 533, Ed. 1846 ; *Wickliffe* v. *Hill,* 3 Littell R. 330.

These documents or records cannot be removed without great inconvenience and danger of being lost or damaged, and they may be wanted in two places at the same time. 1 Stark. Ev. 251. See *Lynah* v. *Clerke,* 3 Salk. R. 154.

" The extraordinary degree of confidence thus reposed in such documents, is founded principally upon the circumstance that they have been made by authorized and accredited agents appointed for the purpose, and also on the publicity of the subject matter to which they relate, and in some instances upon their antiquity. Where particular facts are inquired into, and recorded for the benefit of the public, those who are to act in making such investigations and memorials, are in fact the agents of all the individuals who compose the public, and every member of the community may be supposed to be privy to the investigation." Therefore they " are generally admissible in evidence, although their authenticity be not confirmed by the usual and ordinary tests of truth, the obligation of an oath, and the power of cross-examining of the parties on whose authority the truth of the document depends," for duly certified copies are admissible as well as sworn copies. 1 Stark. Ev. 230 ; 1 Greenlf. Ev., Secs. 483, 484, 499, 500, 501 ; *United States* v. *Percheman,* 7 Pet. R. 85.

The petition for partition, report of commissioners, and decree under which plaintiff derives title, were offered, and excluded, on the ground that the report of the commissioners for partition was not under seal. The act of 1827 directed the proceedings of the commissioners to be returned by them " under their hands and seals." Rev. Laws 1833, p. 239, Sec. 14. In *Bledsoe* v. *Wiley's lessee,* 7 Humph. R. 507, such a provision was held to be directory merely, and an omission of the seal did not vitiate the record of partition. Whatever force this objection might have on appeal or writ of error in the case, we can allow it none as a collateral attack upon such proceedings, which were approved by the court, were spread of record, and confirmed by a decree in partition, which has been acquiesced in and acted upon by the parties to it, for twenty years, so far as anything is shown in the record. Of the same character is the objection to the misdescription of the land in the notice of publication, together with all others made to this record.

No greater weight can be allowed the objections to the record of proceedings and decree for the sale of the lands of Edgar, on the petition of his administrator. The court of Randolph county had jurisdiction under the 98th section of the Statute of Wills of 1829. Rev. Stat. 1833, pp. 644, 645, Secs. 98, 101.

Where the record shows jurisdiction of the subject matter and the person, it is too well settled to require further discus

7

sion, that the judgment of the court cannot be collaterally questioned for errors of substance or form intervening. *Buck-master et al.* v. *Jackson et al.*, 3 Scam. R. 104; *Swiggert et al.* v. *Harber et al.*, 4 Scam. R. 364; *Young et al.* v. *Lorain et al.*, 11 Ill. R. 624; *Buckmaster* v. *Ryder*, 12 Ill. R. 207; *Thompson* v. *Tolmie et al.*, 2 Pet. R. 157; *Voorhees et al.* v. *Jackson ex dem.*, 10 Pet. R. 449; *Wilcox* v. *Jackson ex dem.*, 13 Pet. R. 498; *Lessee of Guynore et al.* v. *Astor et al.*, 2 How. U. S. R. 319; *Wright* v. *Marsh et al.*, 2 Green. Iowa R. 94; *Doe ex dem. Hain et al.* v. *Smith*, 1 Carter Ia. R. 451; *Cole* v. *Hall*, 2 Hill R. 625.

So far as the partition and allotment under, and the deed from the executors of N. Edwards is concerned, there is a link wanting in the chain of evidence, to show any relevancy in these as testimony.

If Ninian Edwards bought the land at Morrison's sale, and took a deed in the name of Ninian W. Edwards, and the lands were devised to the executors, then these additional facts are necessary to show that title was derivable through a partition amongst his heirs, and the deed of his executors. As the record stands, these portions of the evidence appear wholly irrelevant.

Judgment reversed and cause remanded for new trial.

*Judgment reversed.*