## CHARLES M. GREENE v. SAMUEL ANGLEMIRE.

*Trespass—Division fence—Statute of limitations—Adverse possession —Evidence.*

1. Statutes limiting the right to bring actions for the recovery of land are for the purpose of preventing litigation, quieting title, and securing peace among citizens. They are statutes of repose, and have come to be regarded with favor by courts and juries, rather than, as formerly, with disfavor. *Jewett v. Petit,* 4 Mich. 508; *Palmer v. Palmer,* 36 Id. 487; *Toll v. Wright,* 37 Id. 101.

2. The extent of the possession which secures a title under such statutes is a fact to be established upon the trial, and it is always competent to establish it by any testimony relevant for that purpose. It is not necessary in all cases that the possession should be inclosed by a fence, or if a fence is required that it should be any particular kind of a fence, or what is known as a *lawful* fence, but any kind will answer, when required, which shows an intention to make the possession exclusive; and, when title is claimed under a deed, the deed is the best evidence of the extent of the possession, and when applied for that purpose the same rules of evidence apply in a case of adverse possession as in any other case, and no more than a preponderance of evidence is ever required to establish such a possession.

3. When the possession is by actual occupation of the possessor, or by his tenants, under claim of title, his possession is visible, open, notorious, and distinct, and will be presumed to be hostile.

Error to Washtenaw. (Kinne, J.) Argued June 26, 1889. Decided October 25, 1889.

Trespass. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Frank E. Jones,* for appellant.

*E. B. Norris,* for plaintiff.

SHERWOOD, C. J. The plaintiff brings trespass for a wrongful entry upon his land.

The plaintiff's declaration describes the land, and bounds it upon one side by what he claims to be a division fence. He claims the *locus in quo* is covered by his deed, but, if not, he insists he has acquired title thereto by adverse possession.

The defendant, whose lands adjoin the plaintiff's on the side bounded by said fence, claims title to the strip in question, and contends that the fence never stood upon the line between the parties, but upon his lands, and was always so understood to be by the parties and their grantors.

The issue was tried in the Washtenaw circuit, and the plaintiff recovered. The defendant brings error.

Greene's land lies west, and Anglemire's east, of the line between them. Proofs were offered on the trial, which was had before a jury, tending to support both positions taken by the plaintiff, viz., that he held by title and adverse possession, and both were controverted on the part of the defendant. Numerous objections and exceptions were taken to the rulings of the court in receiving or rejecting testimony, but we have discovered no error in these rulings by which the defendant's case was prejudiced, or needing discussion herein.

We see no objection to the depreciating manner in which counsel for plaintiff spoke in his argument to the jury of the manner in which surveys are frequently made, and the litigation and vexation caused thereby. These things have become matters of common knowledge, and the more generally known the less liable will parties be likely to be led astray, and jurors will be more apt to place the proper estimate upon this class of testimony. Especially does this become important as time is fast removing or obliterating the old monuments and physical

evidences of original surveys, under which all the lands in the State have been taken up, improved, and are now held by most owners.

Upon this subject two portions of the charge as given by the court were excepted to by counsel for the defendant. They are as follows: After having given the circumstances under which the defendant would be entitled to prevail, the learned circuit judge then said:

"If, however, from the evidence in this case, you find that the parties to this contest and their respective grantors have treated and acquiesced in this fence as the true boundary line for a period of fifteen years prior to May 20, 1888, then it becomes immaterial and unimportant where the actual line of the old original survey may have been. It would now be too late to disturb it, and the plaintiff would be entitled to recover."

"The peace of the community requires that all attempts to disturb lines with which the parties concerned have long been satisfied should not be encouraged, for government surveys are not always accurate, and the evidence of such surveys may become indistinct or lost; and if, after a long series of years, old and well-established lines, which have been recognized as true boundaries, were set aside by new surveys, necessarily the mischief arising from such a policy would be incalculable, and titles to property thrown into vast and endless confusion."

We see no fault in these charges. They are peculiarly applicable to the facts in this case.

We find no error in rejecting the special requests declined by the court. They ask the jury to return the evidence, instead of facts found therefrom. The latter was the object to be attained under the rule allowing such questions to be submitted and answered.

The following charges were given by the court, viz.:

"1. A party who has actual title to property may lose it by allowing another person to hold the land adversely to himself. To constitute adverse possession, that possession must be actual, continued,—that is, not interrupted,—visible,—something that can be seen,—notorious,

distinct, and hostile, and if the owner of the land remains inactive, and acquiesces in that adverse possession, his title is gone.

"2. If you find from the evidence that the fence was constructed by the plaintiff or his predecessors in ownership more than twenty years ago, and that such fence has been maintained on the line where it was constructed for the full period of fifteen years prior to May 20, 1888,— last May,—and that the plaintiff or his predecessors in ownership have occupied the land on the west side thereof, claiming the same to be their land, to and up to the fence during the fifteen years prior to May 20, 1888, and that such possession and occupancy has been adverse, continuous, open, and hostile, then your verdict must be for the plaintiff.

"3. If you find that continued adverse possession in the plaintiff, or in the plaintiff and his predecessors in ownership, then you are instructed that it is wholly immaterial where the fence was constructed or has been maintained,—on or along the true line or otherwise.

"4. If you find such continued adverse possession in the plaintiff, or in the plaintiff and his predecessors in ownership, then you are instructed it is wholly immaterial how, or by what right or authority, the fence came to be constructed and maintained at the place or along the line where it stood on May 20, 1888, if it was by or through an error or by a mistake; that is, if it was originally placed there by mistake, the plaintiff may still recover, if it has remained there that length of time and under the circumstances I have intimated."

Statutes limiting the right to bring actions for the recovery of land are for the purpose of preventing litigation, quieting title, and securing peace among citizens. They are statutes of repose, and have come to be regarded by courts and jurors with favor, rather than, as formerly, with disfavor. *Jewett v. Petit*, 4 Mich. 508; *Toll v. Wright*, 37 Id. 101; *Palmer v. Palmer*, 36 Id. 487; *Gautier v. Franklin*, 1 Tex. 732.

The extent of the possession which secures a title in this way to the possessor is a fact to be established in all such cases upon the trial, and it is always competent to

establish it by any testimony relevant for that purpose. It is not necessary in all cases that the possession should be inclosed by a fence, or that when a fence is required it should be any particular kind of a fence, or that it should be what is known as a "lawful fence;" but any kind of fence, when one is required at all, will answer, which shows an intention to make the possession exclusive; and, when title is claimed under a deed, the deed is the best evidence of the extent of the possession; and when the deed is applied for that purpose the same rules of evidence apply in a case of adverse possession as in any other case, and no more than a preponderance of evidence is ever required to establish such a possession. The action is always civil in which the claim is made, and the testimony is to be governed by the rules proper in other civil cases.

We think there is no reasonable objection to the last three charges. When the possession is by actual occupation of the possessor, or by his tenants, under claim of title, his possession is visible, open, notorious, distinct, and will be presumed to be hostile. In such case the conditions are all sufficiently complied with to make the possession adverse, and sufficiently notified to other claimants, or parties interested.

Many minor points are made in the assignments of error. We have said all, however, we deem necessary in disposing of the case, and, no error appearing in the record, the judgment at the circuit must be affirmed.

The other Justices concurred.