JAMES F. CONNOR, and others,

. *vs.*

GEORGE N. PUSHOR, and others.

Somerset.   Opinion March 17, 1894.

*Real Action.   Lost Deed.   Evidence.*

It is competent for the defendant in a real action to disprove the plaintiff's
seizin by oral evidence of a lost deed.   But when there is no record of such
a deed, the oral evidence of its existence, and of its contents, should be full
clear, strong and thoroughly convincing.   In other words, it should be
plenary.

ON MOTION AND EXCEPTIONS.

This was a real action to recover possession of a small piece
of land situate in Pittsfield village, in the County of Somerset.
Plea, the general issue.   During the progress of the trial the
defendants introduced evidence tending to prove the loss of an
unrecorded deed from Hiram B. Connor to Thomas McCausland
of the piece of land in controversy, also a deed of release with
a personal covenant of warranty from McCausland to Harriet
Chase.   It did not appear, however, that Harriet Chase ever had
possession of the premises.   The plaintiffs claimed title to said
land as heirs of said Hiram B. Connor.

The justice presiding instructed the jury among other things
as follows :

"When parties seek to supply the place of a lost deed, in
view, as I say, of the importance of having a degree of certainty
and stability in titles to real estate, the evidence to satisfy you
that there has been a deed and that it has been lost should be
clear and convincing, and as to the character of the instrument
it should be clear and convincing.   There should be evidence,

in other words, that should give you a clear preponderance in favor of that proposition that there has been a deed and that it has been lost; and the contents of that deed should be given to that degree of satisfaction that you feel that there *must* have been a conveyance of real estate. I do not mean to say, of course, that there is any different burden of proof on this proposition than in any other class of civil investigations. It is a preponderance of all the evidence in the case. But the evidence I say should be clear and satisfactory within the limits of preponderance of evidence.

"Though he [Thomas McCausland,] undertook to warrant against all persons whatsoever, not only against any one under him, but against all persons whatsoever, yet, as I say, notwithstanding the clause of warranty in that form, it is not necessarily any evidence that Thomas McCausland had received a deed from Hiram B. Connor. . . . If you find that there was such a deed, and it is claimed that if you find the testimony of Franklin McCausland to be true at all in relation to it, you ought to find there was a regular deed and sufficient to pass the title — if you find there was such a deed, which passed the title to this parcel of land to Thomas McCausland, then of course it did pass out of Hiram B. Connor at that time before his decease; and unless he was afterwards reinvested with the title to that quarter of an acre of land, these heirs would not inherit from him, as I have already said; and they would have no title, unless they acquired it under the laws relating to title by possession, and I do not understand that to be insisted upon by counsel for plaintiffs if there was no record title in them. If it did not, if there was no such deed, if you do not find the evidence satisfactory, sufficient, clear and convincing, either that there was a deed and that it has been lost, or not satisfied that it described this property, then, of course, so far as this property is concerned the title remained in Hiram B. Connor."

The jury returned a verdict for the plaintiffs, and the defendants took exceptions.

*J. W. Manson,* for plaintiffs.
*Merrill and Gower,* for defendants.

SITTING: PETERS, C. J., WALTON, EMERY, FOSTER, HASKELL, JJ.

WALTON, J.    This is a real action to determine the title to a small piece of land (about one fourth of an acre) lying on the easterly bank of the Sebasticook river in the town of Pittsfield. The decision of the cause ultimately turned upon an alleged want of title in the plaintiffs.    At first the defendants undertook to set up a title in themselves by adverse possession ; but the evidence was too weak, and this ground of defense was abandoned.    The defendants then undertook to show a want of title in the plaintiffs. The plaintiffs, as the heirs-at-law of their father (H. B. Connor) had a record title extending back to 1835.    But the defendants claimed that sometime during the year 1835, H. B. Connor conveyed the demanded premises to one Thomas McCausland, and that McCausland conveyed them to a Mrs. Chase.    No deed from Connor to McCausland was produced, and no such deed had ever been recorded ; and, so far as appeared, neither Mrs. Chase, nor any one claiming under her, had ever taken possession of the land or claimed to own it.    But the defendants insisted that a deed from Connor to McCausland had once existed and that it had been destroyed in 1871 or 1872, by a fire which burned McCausland's house ; and they undertook to prove by oral evidence the existence of the deed, and its loss, and its contents.    But the evidence was weak and the jury returned a verdict in favor of the plaintiffs.    The defendants move to have the verdict set aside as against evidence.    We do not think the motion can be sustained.    We have examined the evidence with care, and we are by no means satisfied that the verdict is wrong.

The defendants urge that the jury were misdirected with regard to the amount of evidence necessary to establish the existence and contents of a lost and unrecorded deed.    We think not.    True, they were instructed that the evidence should be clear, convincing and satisfactory.    But we think this instruction was correct.    The plaintiffs had an unbroken record title extending back for over half a century ; and the presumption in favor of record titles is so strong that it requires strong,

clear and convincing proof to overcome it. This requirement does not militate against the rule that in civil suits a preponderance of evidence is all that is necessary. When an attempt is made to batter down recorded deeds by oral evidence of non-existing and unrecorded deeds, the oral evidence must be clear and strong, satisfactory and convincing, or it will not preponderate. It must be "plenary." So held in *Moses* v. *Morse*, 74 Maine, 472.

The rule is the same when the deed is claimed to be inaccurate. The error must be established by proof that is plenary. *Parlin* v. *Small*, 68 Maine, 289.

In the case last cited the court say that a deed, which can be seen and read, is a wall of evidence against oral assaults; and can not be battered down by such assaults, unless the evidence is clear and strong, satisfactory and convincing. And, surely, duly recorded deeds, which have remained unchallenged for more than half a century, are entitled to an equal degree of protection. We think the ruling was none too strong.

*Motion and exceptions overruled.*