BOWERS et al. v. NEW YORK LIFE INS. CO.

(Circuit Court, D. Maine. January 12, 1895.)

No. 409.

1. CONTRACTS—REFORMATION—EVIDENCE.
   The proofs in this case do not bring it within the rule that to justify the reformation of a written contract, on the ground of mistake, the testimony must be clear, unequivocal, and convincing.

2. SAME.
   A statement, made by a deceased beneficiary in an insurance policy issued two years before, as to his understanding of the terms of the policy, is not admissible to show mistake in the policy.

3. SAME—PLEADING.
   In a bill of this character it is sometimes permissible to charge fraud or mistake in the alternative.

4. SAME—ALLEGATIONS—FRAUD.
   In this case defective allegations as to citizenship in a petition for removal from a state court were made good by reference to other parts of the record.

This was a bill in equity by Walter T. Bowers, as administrator, and others, against the New York Life Insurance Company, to reform a policy of insurance.

Joseph W. Symonds, for complainants.
Charles F. Libby, for respondent.

PUTNAM, Circuit Judge. This case was removed from the supreme court of Maine. The removal papers were not printed in the record, though they should have been. On an examination of them, it appears the petitioner makes proper allegations of the citizenship of the complainants. Touching the citizenship of the defendant corporation, the petition only alleges that it is a citizen of the state of New York, which alone is not a sufficient allegation; but the bill itself alleges that the defendant corporation was duly

organized under the laws of that state, so that, taking the record as a whole, jurisdiction is apparent.

There are occasional instances of such gross injustice happening under the forms of law that, except for the power of courts in equity, exercised under some circumstances, to cancel or reform written contracts or other instruments, and even legal proceedings, the common mind would be shocked, and the law would be brought into disrepute. On the other hand, if this power was practically made use of in such way as to cause a general unsettling of transactions done with apparent care and under solemn forms, the mischief resulting therefrom would be greater than the injustice which the power referred to is intended to relieve against. Therefore, the courts have said that the power is to be exercised only when the testimony on which its exercise is based is clear, unequivocal, and convincing; and they have further said that it cannot be exercised upon a bare preponderance of evidence, which leaves the issue in doubt. U. S. v. Budd, 144 U. S. 154, 161, 12 Sup. Ct. 575.

In Coal Co. v. Doran, 142 U. S. 417, 435, 12 Sup. Ct. 239, the proposition was put in another form, as follows:

"The jurisdiction of equity to reform written instruments where there is a mutual mistake, or mistake on one side, and fraud or inequitable conduct on the other, is undoubted; but, to justify such reformation, the evidence must be sufficiently cogent to thoroughly satisfy the mind of the court."

A striking expression of the practical rule in this particular, as well in equity as at common law, is given by Judge Walton in Connor v. Pushor, 86 Me. 300, 303, 29 Atl. 1083, as follows:

"A deed which can be seen and read is a wall of evidence against oral assaults, and cannot be battered down by such assaults, unless the evidence is clear and strong, satisfactory and convincing."

The complainants in this case do not desire to rescind the contract, but to reform it. The whole tenor of the bill, and its prayers, bring forward nothing else for our action. Therefore, the discussions which were had at the bar touching the alleged waiver by the defendant corporation of the strict terms of its policy as to the time of payment of premiums, like the points lately under consideration in Insurance Co. v. Unsell, 144 U. S. 439, 12 Sup. Ct. 671, and to which the mass of proofs taken seems to relate, and touching whether this policy was completed as a contract in the state of Maine or in the state of New York, like those lately under consideration in Society v. Clements, 140 U. S. 226, 11 Sup. Ct. 822, and touching the statutory authority of certain alleged agents, like those lately discussed in Insurance Co. v. Chamberlain, 132 U. S. 304, 10 Sup. Ct. 87, need not be considered in the view which we take of this case. It was said at the bar that the facts offered in evidence touching the first of these three questions threw some reflected light upon the substantial issue; but, if it does, it is so faint as not to assist the court. It is all quite as consistent with the proposition that the defendant corporation did not intend to insist on a strict performance of the provision as to the time of payment found in its policy, as with the proposition that the omission of any express allowance of grace was for any of the reasons alleged in

the bill. Indeed, it more naturally comes in line with the first hypothesis than with the second.

The bill fails to charge fraud on the defendant corporation with the positiveness or with the detail which the rules of equity pleading ordinarily require therefor. Indeed, all the allegations touching fraud are in the alternative. However, we do not find it necessary to criticise them, and perhaps we cannot justly do so. The citation we have already made from Coal Co. v. Doran, ubi supra, shows that relief in reforming written instruments may be granted, not only for mutual mistake, but where there is a mistake on one side and fraud on the other, or, indeed, where there is a mistake on one side and inequitable conduct on the other. Moreover, as is said in Wasatch Min. Co. v. Crescent Min. Co., 148 U. S. 293, 298, 13 Sup. Ct. 600, fraud, especially legal fraud, and inadvertence or mistake, sometimes run into each other; so that it might be difficult, under the precise circumstances of this case, for the complainants to allege, in the particular to which we have referred, more specifically than they have.

  *     *     *     *     *     *     *     *

Here follows a discussion of the facts, which, by direction of the judge who delivered the opinion, is not reported.

Let there be a decree to dismiss the bill, with costs.