## FOX *v.* SPEARS.

### Opinion delivered February 24, 1906.

78    71<br>f89   539

1.  EVIDENCE—PRIVILEGED COMMUNICATION TO ATTORNEY.—Under Kirby's Digest, § 3095, providing that an attorney shall be incompetent to testify "concerning any communication made to him by his client in that relation, or his advice thereon, without the client's consent," an attorney can not be compelled to disclose communications made to him by a deceased client. (Page 75.)

2.  SAME—WHEN EXCLUSION NOT PREJUDICIAL.—Refusal of the court to require a witness ·to testify that a deceased owner of land admitted in his presence that he had made a deed to a certain person was not prejudicial where there was no evidence that such a deed was delivered. (Page 75.)

3.  INSTRUCTION—REPETITION.—Refusal to give an instruction that is substantially covered by another instruction given is not prejudicial. (Page 76.)

4.  SAME—PREJUDICE.—Appellant can not complain that the court gave an erroneous instruction as to his adverse possession of land if there was no evidence that he held adverse possession. (Page 76.)

5.  SAME—AMBIGUITY—SPECIFIC OBJECTION.—The giving of an ambiguous instruction is not reversible error if the defects in it are not pointed out by specific objection, and no additional explanatory instructions are asked. (Page 76.)

Appeal from Pulaski Circuit Court; *Edward W. Winfield,* Judge; affirmed.

*Mehaffy & Armistead* and *W. M. Lewis,* for appellant.

1. Witness Wassell was called upon in the capacity of a scrivener only. The relation of attorney and client did not exist between him and Spears; but, if in any sense he was acting as an attorney, it was as attorney for both parties jointly, and in such case the rule as to privileged communications does not prevail. 1 Greenl. on Ev. (16 Ed.), §§ 239, 245.

2. The court erred in the fifth, sixth and seventh instructions given for appellee; the error in the 7th being to create the belief that adverse possession could not be deduced from circumstances or made out by circumstantial evidence. 70 Ark. 312.

*J. W. & M. House,* for appellee.

1. If an attorney acts for several clients, he can not testify as to confidential transactions and communications in which all

are interested, without the consent of all. 91 Am. St. Rep. 926; 21 Ark. 388; Kirby's Digest, § 3095; 33 Ark. 774; 20 Colo. 127.

2. A judgment will not be reversed for a refusal to give an instruction asked for, if substantially the same instruction has been given. 52 Ark. 180; 23 Ark. 282. An appellant will not be heard to complain of an erroneous instruction for the appellee, if one to the same effect has been given at his request. 60 Ark. 250; 87 S. W. 129. Instruction 7 is the law. Adverse possession is to be taken strictly—is not to be made out by inference, but by clear and positive proof, and every presumption is in favor of possession in subordination to the title of the true owner. Tyler on Ejectment, 74; 2 Am. St. Rep. 744; 55 Ark. 105; 35 Am. St. Rep. 368; 75 Am. Dec. 658; 73 Am. Dec. 740. As to effect of fiduciary relations on adverse possession, see 18 Ark. 495; 33 Ark. 633; 53 Ark. 532. See also 43 Ark. 490; 65 Ark. 426.

3. Possession of land by one not the owner is not *prima facie* adverse, and the burden is upon the party relying upon it to prove all the essential elements of an adverse possession. 28 Am. Rep. 151; 96 Am. St. Rep. 82.

4. Payment of the consideration is not such a part performance as will take a parol contract for the sale of land out of the statute of frauds. 38 Am. St. Rep. 116, 133; 55 Am. Dec. 580; 28 Am. Dec. 50; 70 Am. Dec. 460; 1 Ark. 421; 18 Ark. 467; 21 Ark. 533; 32 L. R. A. 799; 8 Am. & Eng. Enc. Law (1 Ed.), 742; 1 Sch. & Lef. 40; *Ib.* 123, and many other authorities.

BATTLE, J. Annie Spears brought this action against A. H. Fox to recover a lot and a half of a lot in the city of Little Rock. She alleged in her complaint that this property belonged to William Spears in his lifetime; that Josiah Spears was his only child, and she was the only child of Josiah Spears; that her father died intestate, and left William Spears surviving him; and that William Spears, while seized and possessed of the property sued for in this action, died intestate, and left her his only heir him surviving.

The defendant answered and denied the material allegations of the complaint; and alleged that he, on the 15th of September, 1888, purchased the property of William Spears, and took possession thereof, and thereafter held the same adversely; and

pleaded seven years adverse possession in bar of plaintiff's right to maintain this action.

Plaintiff recovered judgment for one-half of the property in controversy, and the defendant appealed.

The evidence adduced at the trial tended to prove that appellee, Annie Spears, and Emma Fox, wife of appellant, are the only heirs of William Spears; and that he died seized of the property in controversy, and intestate.

There was evidence adduced by the appellant tending to prove that he purchased the property of William Spears on the 15th day of September, 1888, but took no deed, and thereafter held possession of the same.

In the progress of the trial S. S. Wassell testified that he knew Williams Spears in his lifetime, and the following interrogatories were propounded to him:

"Q. Did you ever have any talk with William Spears with reference to this property on Second and Byrd streets?"

"Q. Mr. Wassell, tell whether or not Mr. Spears in 1888 or 1899 got you to draw a deed to a part of his property, stating at the time that he was deeding it to Asa Fox, and told you that he had sold the property on the corner of Second and Byrd streets to A. H. Fox, and wanted you to draw a deed of that property from him to A. H. Fox; that is, to the property in controversy, and whether you drew the deed at his request?"

And he declined to answer them on the ground that the relation of attorney and client existed between him and William Spears, and they (questions) asked him to divulge privileged communications from his client to him. The court sustained him and refused to compel him to answer. He was thereupon excused and retired. Afterwards he was recalled, and testified in response to interrogatories as follows:

"Q. When you were called upon by Mr. Spears to write the deed for Asa Fox, had Spears made any statement to you with reference to Ad Fox's property?"

"A. Yes, sir."

"Q. Had you been employed with reference to Ad Fox's property at that time?"

"A. No."

"Q. I. mean with reference to any transaction between Spears and Ad Fox?"

"A. I might say that along about that time I was employed by them jointly, Spears and Ad Fox."

"Q. But at the time you were called upon with reference to the Asa Fox deed, you were not called upon as an attorney with reference to the Ad Fox property?"

"A. Yes; it was all about the same matter—in reference to these deeds he wanted me to draw. I was attorney for both of them, Mr. Spears and Ad Fox."

"Q. (by the court.) Did the relation of attorney and client exist between you and Mr. Spears at that time?"

"A. With reference to these papers, it did. Of course, I could only have gone to see him in a professional capacity with reference to these papers."

"Q. (by the court.) Did Mr. Spears employ you as an attorney, consult with you and talk to you about these matters, and get your advice about them in the relation of attorney and client?"

"A. I could not have talked with him in any other capacity than that of an attorney."

He was asked, "Is it not true that at the time you were called upon to draw the deed for Asa Fox, Mr. Spears stated to you that he had made a deed to Ad Fox for this property down there?" The apppellee objected to the question, the court sustained the objection, and the appellant excepted.

The court instructed the jury, over the objections of the appellant, in part, as follows:

"5. The jury are instructed that if they believe from the testimony that the defendant and William Spears entered into a contract for the sale and purchase of the land in controversy, and that such contract was oral and not in writing, then, in order to take such contract out of the statute of frauds by reason of the possession of the defendant, it must appear from the evidence that the defendant took possession of said property solely under the contract and in reference exclusively to it.

"6. The jury are instructed that, to constitute a valid and effectual adverse possession, the possession must have been hostile in its inception, that is, from the time the defendant claims he purchased the property; that no possession could be adverse except

where the person in possession held for himself to the exclusion of all others and under a claim of title entirely antagonistic to that of the true owner.

"7. Adverse possession is to be taken strictly and not to be made out by inferences, but it must be established by proof. Every presumption is in favor of possession, subject to the title of the true owner."

And the court gave the following at the request of the appellant:

"7.    If you find that the defendant entered into a verbal contract for the purchase of the land in question, and took possession of it under the contract, and solely in reference to it, these facts take the case out of the statute of frauds, and the contract is as good to prove the sale as if it was in writing; and if you find that the defendant, while continuing in possession, made the payment agreed upon, his title became perfect, and is good against the claim of the plaintiff, although he has no deed or other written evidence of title.

"8. If you find from the evidence that the defendant was in possession of part of the property in controversy as a tenant of William Spears, and while in such possession purchased the property, then, to constitute possession under such purchase, it is not necessary to actually change the possession; it is sufficient if the defendant at once asserted and claimed ownership and continued to do so. Such acts constitute a holding adverse to the former owner and landlord, the former owner and landlord having knowledge thereof, and the statute of limitations begins to run from the time of such adverse acts."

The trial court did not err in refusing to require witness Wassell to answer the first two questions propounded to him. The relation of attorney and client existed between him and the William Spears mentioned therein, and the appellant by the questions sought a disclosure of privileged communications from client to attorney. The witness, under the laws of this State, was not at liberty to do so without the consent of client first had and obtained. Kirby's Digest, § 3095; *Bobo* v. *Bryson,* 21 Ark. 388; *Andrews* v. *Simms,* 33 Ark. 774.

After the witness was recalled and he testified that he was employed by Spears and appellant jointly, the question which he

refused to answer were not again propounded, but he was asked: "Is it not true that at the time you were called upon to draw the deed for Asa Fox, Mr. Spears stated to you that he had made a deed to Ad Fox for this property down there?" The failure and refusal to answer this question was not prejudicial, for appellant did not claim or prove that any such deed had been delivered to him, and without delivery it could have been of no effect.

The instruction numbered 5, and given over the objection of appellant, was substantially covered by instruction numbered 7, given at his request. He ought not to complain. His objection to it is that it is not based upon the evidence. But we think that he is mistaken. There was sufficient evidence upon which to base it.

Appellant's objection to the instruction numbered 6, and given over his objection, is that it told the jury to find in favor of appellee as to adverse possession, unless the possession of appellant was hostile from the time when he claimed to have purchased the property. This was error, but it was not prejudicial. There was no evidence, and he did not claim, that it was hostile, if it ever was, from any other period of time.

Instruction numbered 7, given over the objections of appellant, is ambiguous. As we understand it, it means that possession is presumed to be in subordination to the title of the true owner, until the contrary is proved. The defects in it should have been pointed out by specific objections, and appellant should have asked additional explanatory instructions, which was not done. A general objection was not sufficient. *Fordyce* v. *Jackson,* 56 Ark. 602; *White* v. *McCracken,* 60 Ark. 613; *St. Louis, I. M. & S. Ry. Co.* v. *Waren,* 65 Ark. 624; *McGee* v. *Smitherman,* 69 Ark. 632; *St. Louis, I. M. & So. Ry. Co.* v. *Norton,* 71 Ark. 314; *St. Louis, I. M. & So. Ry. Co.* v. *Pritchett,* 66 Ark. 46; *Williams* v. *State,* 66 Ark. 246; *Phoenix Ins. Co.* v. *Flemming,* 65 Ark. 54.

Construing the instructions as a whole with reference to the evidence in the case, we find no reversible error in them.

The evidence is sufficient to sustain the verdict of the jury.

Judgment affirmed.