EMMA SAWBRIDGE v. CITY OF FERGUS FALLS.[1]

June 21, 1907.

Nos. 15,208—(153).

**Adverse Possession.**

To constitute title by adverse possession, the possession relied upon must be accompanied and characterized by an intention to claim title adversely to the true owner.

**Evidence of Intent.**

But such intention need not be declared affirmatively. It may be established by circumstantial evidence, precisely as other facts may be shown.

**Charge to Jury.**

Evidence held sufficient to sustain the verdict of the jury, and that there were no reversible errors in the instructions of the court to the jury.

Action in the district court for Otter Tail county to recover $500 for injuries to plaintiff's premises. The case was tried before Baxter, J., and a jury, which rendered a verdict in favor of plaintiff for $100. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*N. F. Field,* for appellant.

*E. E. Corliss,* for respondent.

[1]Reported in 112 N. W. 385.

BROWN, J.

The facts in this case, briefly stated are as follows: Plaintiff is, and has been since 1879, the owner of lots 4 and 5, of block 4, of the North division to the city of Fergus Falls, as shown by the recorded plat. Soon after she became the owner of the lots the city caused to be constructed a sidewalk upon the street fronting and along the boundary line of the same. Plaintiff immediately thereafter took possession of all land embraced within the side lines of her lots up to the sidewalk so constructed, and has ever since, and up to the time of the commission of the acts here complained of, maintained an open, hostile, and exclusive possession thereof under claim of title thereto. The construction of the sidewalk left a rough bank facing the street, which she terraced and sodded, upon which she planted shade trees and shrubbery, and has continuously kept and maintained in this condition. In 1906, the old sidewalk being out of repair, the city authorities determined to lay a new one. A controversy then arose as to whether the old walk was upon the true boundary line of plaintiff's lots. A survey by the city engineer disclosed, as he claimed, that the walk was six feet in the street, whereupon the authorities concluded to lay the new walk upon the line fixed by him. In pursuance of this determination the banks along plaintiff's lots were torn away, by excavating and removing the soil for a distance of six feet, injuring, as she claims, her trees and shrubbery and otherwise damaging her property. She brought this action on the theory that she was the owner up to the line of the old walk, and that by placing the new sidewalk six feet further into the lots the city committed a trespass upon her property subjecting it to damages. Plaintiff had a verdict for $100, and defendant appealed from an order denying its alternative motion for judgment or for a new trial.

It was contended by plaintiff on the trial below (1) that the strip of land upon which the new sidewalk was laid was a part of her lots, according to the plat of which they form a part, and that the old walk represented the true boundary line of the street; and (2) that, if not a part of her lots according to the plat, she had acquired title thereto by adverse possession. The trial court submitted both questions to the jury, and of this defendant complains.

It is urged that the question whether the true boundary of plaintiff's

lots was represented by the old sidewalk was not an issue in the case, either under the pleadings or by the evidence; that the only issue presented by the complaint was whether plaintiff had acquired title to the locus in quo by adverse possession; and, therefore, that the court erred in submitting the boundary line in question to the jury.

We do not concur in this view of the case. The complaint alleges plaintiff's title to the lots in general terms, and under it she was entitled to prove any existing title held by her. McArthur v. Clark, 86 Minn. 165, 90 N. W. 369, 91 Am. St. 333, and cases cited. The fact that the complaint particularly referred to the strip of land upon which the new sidewalk was laid cannot be. construed as indicating an intention on the part of the pleader to rely solely upon a claim of title by adverse possession. It was, at most, a specific designation of the place and extent of the trespass complained of, and not an allegation intended to disclose the source of plaintiff's title. Upon the question whether the evidence is sufficient to take the question to the jury, we need only say, without discussing it at length, that it fairly presented a question of fact, and there was no error in submitting it to them.

It is also contended that the evidence is insufficient to justify the jury in finding that plaintiff acquired title to the land by adverse possession. The particular point in this connection is that the evidence wholly fails to show that plaintiff's occupancy of the land up to the line of the old sidewalk was with an intention to claim title thereto adversely to the city; hence, that the easement of the city for street purposes was never divested. We think this question was also properly submitted to the jury. While the evidence in support of plaintiff's contention is somewhat weak and unsatisfactory, the jury and the trial court found it sufficient to show title in plaintiff, and we affirm their conclusion.

It is necessary, of course, to constitute title by adverse possession, that the possession relied upon should have been characterized by some claim or assertion of title, and maintained continuously for the statutory period with an intention to claim adversely to the true owner and all the world. But such claim or intent need not be expressly or affirmatively declared. It may be shown from attendant circumstances and established by circumstantial evidence, precisely as other facts may be established. Whether plaintiff's occupancy of the land in dis-

pute was so accompanied was for the jury to say, under all the facts and circumstances disclosed by the evidence.

It is further urged that the trial court erred in instructing the jury that the plaintiff might recover, whether she owned the land up to the old sidewalk or not, if in excavating for the new walk the city authorities unnecessarily encroached upon her property and damaged it. It is not clear just what the trial court intended by this instruction. The jury had been previously informed, distinctly and clearly, that there were two theories upon which plaintiff claimed the right to recover, viz.: (1) That the true line of her property extended out to the old sidewalk; and (2) that she had acquired title to the strip in question by adverse possession. And in reference to these two theories the court instructed the jury that, if they found in plaintiff's favor upon either of them, she was entitled to recover. Then follow the remarks upon the subject of consequential damages, of which defendant complains. It seems apparent, taking the charge as a whole, that there was no purpose on the part of the court to submit this feature of the case to the jury as an independent ground of recovery. The question was not in issue under the pleadings, nor was it litigated on the trial, and obviously the court did not intend, on its own motion, to inject a new issue in the case. The instructions on the subject should be treated as general observations upon the subject of damages in such actions, from which no prejudice resulted to defendant.

Order affirmed.