IDA P. WYMAN, Appellee, *vs.* THE CITY OF CHICAGO, Appellant.

*Opinion filed April 18, 1912.*

1. EVIDENCE—*purpose of sections 35 and 36 of the Conveyances act, concerning secondary evidence.* Sections 35 and 36 of the Conveyances act, concerning secondary evidence, were intended to authorize the introduction of the record in evidence where the original instrument is lost or destroyed but has no reference to a case where both the original and the record are destroyed, as this situation is covered by paragraph 29 of the Burnt Records act.

2. SAME—*when affidavit is sufficient to authorize introduction of secondary evidence.* An affidavit intended to comply both with sections 35 and 36 of the Conveyances act and paragraph 29 of the Burnt Records act is sufficient, even though it does not state that the originals of the instruments are "not within the power of the party to produce the same," but only that they are "not in the power of the party," as the two statements have substantially the same meaning.

3. SAME—*an objection which may be obviated by amendment should be specific.* One who desires to object to the introduction of secondary evidence upon the ground that the affidavit laying the foundation is insufficient should particularly point out the grounds of his objection, and a mere general objection that the proper foundation has not been laid does not permit the urging, on appeal, of specific objections to the affidavit which might have

been obviated by amendment had they been brought to the attention of the trial court.

4. SAME—*admissibility of certified copy of records of United States land office does not depend wholly upon statute.* A copy of the records of the general land office of the United States, duly certified under the seal of the office, is admissible in evidence under the common law without reference to the statute, and the fact that the copy is certified by the recorder of the general land office instead of by "any register or receiver of any land office," as provided in section 20 of the Evidence act, does not render it inadmissible.

5. SAME—*Burnt Records act—a party not required to submit originals, with copies, for verification.* The provision of paragraph 29 of the Burnt Records act requiring a party desiring to use a sworn copy of any writing as evidence to give the opposite party a reasonable opportunity to verify the correctness of such copy, does not contemplate that the original be submitted, with the copy, for comparison, since if the original were available to the party there would be no occasion for his using a sworn copy.

APPEAL from the Superior Court of Cook county; the Hon. HARRY C. MORAN, Judge, presiding.

WILLIAM H. SEXTON, Corporation Counsel, (CHARLES M. HAFT, of counsel,) for appellant.

OTTO W. JURGENS, CECIL C. ERICKSON, and RAGNAR OBERG, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

Ida P. Wyman brought an action of ejectment against the city of Chicago and others, claiming that she is the owner in fee of lot 1, in the east half of block 14, in Harding's subdivision of the west half of the north-west quarter of section 11, township 39, north, range 13, east of the third principal meridian. The cause was tried in the superior court of Cook county by a jury. At the conclusion of all the evidence the court directed a verdict for the plaintiff below. From a judgment for the plaintiff based

on the directed verdict of the jury the city of Chicago has appealed to this court.

Appellee relied on a title deducible of record from the government of the United States. To establish her title certain evidence was introduced over the objections of appellant. The rulings of the trial court upon the admissibility of certain items of appellee's evidence are the only errors relied upon for a reversal. If the evidence objected to by appellant was properly admitted the judgment below is correct.

Appellee offered in evidence copies of certain instruments and sworn copies of alleged letter-press copies of abstracts pertaining to other alleged instruments, and as a foundation for such secondary evidence filed an affidavit which is, in part, as follows:

"Affiant further says that the originals of the following described deeds, instruments, conveyances and other writings of and concerning the lands in question in this case, which were acknowledged and proved according to the laws of this State, and which by virtue of the laws of this State were entitled to be recorded and which were recorded in the recorder's office of Cook county, Illinois, are not in the power of the plaintiff, in whose behalf it is desired to use the same on the trial of this suit, and that to the best of affiant's knowledge said original deeds and other instruments were not, nor was any of them, intentionally destroyed or in any manner disposed of for the purpose of introducing a copy or copies thereof in place of the originals thereof, respectively; and affiant further says that the records of all instruments hereinafter named, recorded prior to the 8th and 9th days of October, A. D. 1871, were destroyed by fire on or about said 8th and 9th days of October, A. D. 1871."

To such affidavit was appended a list of instruments, proof of which was sought to be made by secondary evidence. When such secondary evidence was offered appel-

lant made the general objection that the affidavit was not
sufficient to lay the foundation, under the statute, for the
introduction of the proffered copies, and the objection was
overruled and the copies admitted in evidence.

Sections 35 and 36 of chapter 30, entitled "Convey-
ances," provide for the introduction of the record of any
deed, conveyance or other writing concerning lands, in any
cause, in law or equity, in this State, upon the party so
.desiring to use such record, or his agent or attorney, stat-
ing orally in court, or by affidavit to be filed, that the origi-
nal of such instrument is lost or "not in the power of the
party wishing to use it on the trial of any such cause,"
and that to the best of his knowledge said original deed
was not intentionally destroyed or in any manner disposed
of for the purpose of introducing a copy thereof.  The af-
fidavit provided for in the Conveyance act is designed to
lay the foundation for the introduction of the record of
such instrument but has no reference to the introduction of
other secondary evidence where both the original instru-
ment and the record thereof have been destroyed and are
not within the power of the party desiring to use the same.
That situation is covered by paragraph 29 of chapter 116,
which is commonly known as the Burnt Records act, which
was passed to meet the emergency caused by the Chicago
fire in October, 1871.  Paragraph 29 of chapter 116 of
Hurd's Statutes of 1908 provides that whenever, upon the
trial of any suit or proceeding, any party to such suit, his
agent or attorney, shall orally in court, or by affidavit, tes-
tify that the originals of any deeds or other instruments in
writing or records of any court relating to any lands, title
or interest therein, are lost or destroyed or "not within the
power of the party to produce the same," and that the rec-
ords thereof are destroyed by fire or otherwise, it shall be
lawful for such party to offer, and the court to receive, any
abstract of title, or letter-press copy thereof, made in the
ordinary course of business prior to such loss or destruc-

tion, etc. Apparently appellee desired to lay the foundation for the introduction of evidence under sections 35 and 36 of the Conveyance act and also under paragraph 29 of the Burnt Records act, and the affidavit filed is manifestly an attempt to lay the foundation under both statutes.

Appellant contends that the affidavit is not sufficient to admit the abstracts of title and letter-press copies of abstracts under paragraph 29 of the Burnt Records act, for the reason that the affidavit does not state, in the language of paragraph 29, that the originals are "not within the power of the party to produce the same," but the affidavit upon this point follows the language of section 36 of the Conveyance act, which only requires that the party shall state that such original instruments are "not in the power of the party wishing to use" the same. We think that the objection pointed out to the affidavit is more fanciful than substantial. It is difficult to see how an instrument could be within the power of the party to produce it and still he could truthfully swear that such instrument was not within his power. We think that in this regard the two statutes have substantially the same meaning, and that where the affidavit states that the original is "not within the power of the party" it is equivalent to saying that it is not within his power to produce the instrument. Again, we do not think appellant has properly saved this objection on the record. When the instruments were offered which are mentioned in the affidavit, appellant made a general objection that the proper foundation was not laid. This objection was too general. Appellant should have pointed out in its objection wherein the affidavit was deficient, so that the court would have had an opportunity to pass upon the precise objection urged now, and appellee could have readily cured the defect by filing another affidavit or making an oral statement, under oath, that would have obviated the objection. The practice of making a general objection in the trial court and leaving the court and counsel on the opposite side to

grope in the darkness seeking possible objections and then uncovering a masked battery of special objections in this court for the first time has often been condemned by this court. *Benefield* v. *Albert*, 132 Ill. 665; *Chicago, Peoria and St. Louis Railway Co.* v. *Nix*, 137 id. 141; *Grand Pass Shooting Club* v. *Crosby*, 181 id. 266.

Appellee offered a certified copy of a grant from the United States to the State of Illinois under an act of Congress of March 2, 1827, granting to the State of Illinois about 300,000 acres of land to aid the State in the construction of a canal connecting Lake Michigan with the Illinois river. The copy of this grant was certified by W. H. Sandford, recorder of the general land office. The copy thus certified showed that the lands in controversy were included in the lands selected according to the act above referred to. The objection made to this item of evidence by appellant was, that it was "incompetent, irrelevant and immaterial and not the best evidence, and not admissible under the statute." The objection was overruled. Appellant now insists that the court erred in admitting such copy, for the reason that section 20 of chapter 51 of Hurd's Statutes of 1908 does not make the official certificate of the recorder of the general land office evidence, but said section is limited to "any register or receiver of any land office," etc. We think the objection to the certified copy of the land grant was properly overruled for two reasons: First, the objection was not specific enough to save the point urged against the certificate; and in the second place, the copy of the records of the land office, duly certified under the seal of the office, is admissible in evidence without reference to the statute, under the common law. *Lane* v. *Bommelmann*, 17 Ill. 95; *Seely* v. *Wells*, 53 id. 120; 1 Greenleaf on Evidence, sec. 483.

Paragraph 29 of chapter 116 provides, among other things, that "a sworn copy of any writing admissible under this section made by the person or persons having posses-

sion of such writing, shall be admissible in evidence in like manner, and with like effect, as such writings, provided the party desiring to use such sworn copy as evidence shall have given the opposite party a reasonable opportunity to verify the correctness of such copy." Under this provision appellee introduced certain copies of abstracts from original letter-press copies, and appellant objects to such copies because, it is said, a reasonable opportunity was not given to verify the correctness of such copies. Upon this point William Tiede testifies that on the 8th of June, 1908, he served on R. R. Jampolis, assistant corporation counsel, a notice, accompanied by copies of certain documents, that appellee would seek to use such copies on the trial of said cause. The copies that were offered in evidence were furnished to counsel for appellant about three years before this cause was tried. Appellant urges that it was appellee's duty to afford a reasonable opportunity for the city to verify the copies, and that for this purpose appellee should have submitted the original instruments, together with the copies, to enable appellant to verify the copies. This objection cannot be sustained. The statute does not contemplate that a "reasonable opportunity to verify the same" shall include the performance of an unreasonable, and in most cases an impossible, condition. The originals are presumably not in the possession and under the control of the party desiring to use the copies. If he had the originals there would be no occasion for introducing the copies. The "reasonable opportunity" which must be given to a party under this clause of the statute to verify the copies does not require the originals to be submitted with the copies.

We find no error in the rulings of the trial court on the admission of the testimony.

The judgment is affirmed.    *Judgment affirmed.*