The New York Central Railroad Company, Appellee,
*vs.* J. Edward Kinsella, Appellant.

*Opinion filed February 16, 1927.*

1. Evidence—*when an affidavit is not sufficient to warrant secondary proof of deeds.* An affidavit is not sufficient to warrant secondary proof of the contents of deeds where it applies to the several deeds collectively and was executed more than two years prior to the trial, but after proof of the record of the deeds is received the court may permit the filing of another affidavit which meets the requirements of the statute and lays a proper foundation for secondary proof of the deeds.

2. Limitations—*the burden of proof is on the party claiming title by adverse possession.* As proof of the record title makes a *prima facie* case and as possession in another than the holder of the record title is presumed to be in subordination to the title, the burden is upon the party claiming title by adverse possession to prove, by a preponderance of the evidence, that he took exclusive possession of the land, that his possession was open, notorious, hostile and adverse, and that the open, hostile and exclusive possession so continued uninterruptedly for the full statutory period.

3. Same—*no presumption is in favor of an adverse owner—circumstantial evidence.* While adverse possession may be established by circumstantial evidence precisely as other facts may be so established, there is no presumption that the adverse claimant entered into exclusive possession of the land, that his entry was hostile and adverse or that it continued after it was established, but all of these facts must be established by competent evidence.

4. Same—*adverse claim is sufficient if established by preponderance of evidence.* The fact that the presumption is in favor of the holder of the record title and that clear and convincing proof is required to establish a title by adverse possession does not militate against the rule that in civil cases a preponderance is all that is necessary to support a verdict.

5. Ejectment—*when defendant does not establish title by adverse possession.* A defendant to an action of ejectment does not establish title by adverse possession where his evidence merely shows that the plaintiff did not fence the land, that the defendant's livestock was permitted to run over it, and that his tenant cut hay from the land after it was drained, while the plaintiff's evidence shows that all taxes and drainage assessments were paid by the plaintiff for each year that the defendant claims to have been in adverse possession.

Appeal from the Circuit Court of Kankakee county; the Hon. Frederick A. Hill, Judge, presiding.

E. P. Harney, and Miller & Streeter, for appellant.

Hunter & Minor, for appellee.

Mr. Justice Thompson delivered the opinion of the court:

Appellee, the New York Central Railroad Company, brought this action in ejectment against appellant, J. Edward Kinsella, to recover possession of a triangular piece of land lying in the southeast corner of the northwest quarter of section 16, township 31 north, range 14 east of the third principal meridian, in Kankakee county. Issue was joined, a trial had and a verdict directed for appellee. Appellant paid the costs and took a new trial under the statute. Again the court directed a verdict for appellee, and an appeal was taken from the judgment entered thereon. This court reversed the judgment on the ground that there was in the record sufficient evidence, standing alone, to meet the legal requirements necessary to establish title in appellant by adverse possession. (*New York Central Railroad Co.* v. *Kinsella,* 318 Ill. 490.) The remanding order was filed and there was a third trial in the circuit court, resulting in a judgment for appellee. Appellant prosecutes this appeal to reverse the judgment because of errors occurring on the trial.

Appellee's predecessor in title, the Indiana, Iowa and Illinois Railroad Company, got title to 7.72 acres of land in the southeast corner of the northwest quarter of section 16 under a deed from Henry Stuenkel dated September 9, 1889. At the time this deed was executed the roadbed had been constructed across the corner of this quarter section diagonally from northeast to southwest, and the

deed fixes the northwest boundary of the tract of land as a line drawn parallel with and fifty feet north of the center line of the road-bed. About 1882 the right of way was fenced, the fence on the southeasterly side being located parallel with and fifty feet south from the center line of the road-bed. The disputed tract, which contains somewhat less than five acres of land, lies southeast of this right of way. About the time the right of way was fenced Millard J. Sheridan became the owner of a farm of about 1200 acres, including the east half of section 16 and the north half of the east half of the southwest quarter of the same section. The Kankakee river forms the south line of the farm except in a few places immaterial to the decision of this case. When Sheridan fenced the farm, in 1883, he ran a fence along its west side from the right of way fence south to the river. When the railroad company bought the tract in dispute, in 1889, no fence was erected by the company or Sheridan to separate the tract from Sheridan's lands. These lands were low and were covered with water a substantial portion of the year. They are now included in a drainage district and for a number of years have been used for pasture and meadow lands. Livestock pastured on the Sheridan ranch has been at liberty to graze on the disputed tract since 1883, and during the last few years hay has been cut from it by Kinsella's tenants. Appellant bought the farm in 1910. This litigation arose when Kinsella undertook to convey to the Chicago, Milwaukee and St. Paul Railroad Company a right of way across the tract for a switch-track.

The third trial of this case occurred at the May term, 1926. To establish its title to the disputed tract appellee offered in evidence the record of a deed from the State of Illinois to James E. Parmley, a deed from him to Daniel E. Parmley, and a deed from the latter to Henry Stuenkel. As a foundation for introducing secondary proof of the contents of these deeds appellee filed two affidavits. Ap-

pellant contends these affidavits do not conform to the requirements of section 36 of the act on conveyances. One of these affidavits is made by L. C. James and is dated December 31, 1923, more than two years prior to the date of the trial. Affiant says he is land and tax agent for appellee and as such agent has charge of title deeds and records belonging to it, and that he does not now have, and never has had, any of the original deeds to the tract in question except the deed from Stuenkel. The affidavit concludes: "Affiant further says that to the best of his knowledge said original deeds were not intentionally destroyed or in any manner disposed of for the purpose of introducing copies thereof in place of the original deeds." The other affidavit is by W. R. Hunter and is dated May 5, 1926. It states that affiant is one of the attorneys for appellee, and that he has made diligent inquiry of the land and tax agent of the company and of the general attorney but has been unable to locate any of the original deeds to the land in question except the Stuenkel deed. This affidavit concludes: "Affiant says that said deeds, and each of them, is not in the power of the plaintiff or its attorneys in this cause to produce, and that to the best of the knowledge of affiant said original deeds, and each of them, was not intentionally destroyed or in any manner disposed of for the purpose of introducing a copy thereof in the place of the original." Where a party seeks to introduce secondary proof of more than one deed the affidavit must apply to each deed separately and not to several deeds collectively. (*Scott* v. *Bassett,* 194 Ill. 602.) An affidavit dated December 31, 1923, which states that the original deeds are not in the possession of a party and cannot be produced by him on a trial does not tend to establish that such originals are not in his possession and cannot be produced in May, 1926. The James affidavit was insufficient, but the Hunter affidavit met the requirements of the statute and laid a proper foundation for secondary proof of the deeds.

(*Wyman* v. *City of Chicago,* 254 Ill. 202; *Ellison* v. *Glos,* 248 id. 275.)   It was not error for the court to permit this affidavit to be filed after the proof of the record of the deeds had been received.

Complaint is made of instruction No. 16 given at the request of appellee, which reads:

"Adverse possession cannot be proved by inference or implication, but the proof to establish it must be clear, positive and unequivocal, and to prove adverse possession for twenty years the evidence must show that such possession was hostile in its inception, actual, visible, notorious and exclusive, and such possession must begin by claim of ownership and continue for the full period of twenty years without any recognition by the defendant of the title of the true owner."

It is contended that this instruction tells the jury that title by adverse possession cannot be established by circumstantial evidence and that the claimant must prove his case by something more than a preponderance of the evidence. It has often been said by this court that every presumption is indulged in favor of the holder of the record title, and that title by adverse possession must be established by strict, clear, positive and unequivocal proof and cannot be established by inference or implication. This is true, because a party claiming title by adverse possession always claims in derogation of the right of the real owner. He admits that the legal title is in another. He rests his claim not upon a title in himself but upon holding adversely to the true owner for the period prescribed by the Statute of Limitations. Claiming a benefit from his own wrong, he will be held to strict proof of his claim. The burden is on the party claiming title by adverse possession to prove that he took exclusive possession of the land; (*LeSourd* v. *Edwards,* 236 Ill. 169; *McClellan* v. *Kellogg,* 17 id. 498;) that his possession is open, notorious, hostile and adverse; (*Branch* v. *Central Trust Co.* 320 Ill. 432; *Theiner* v.

*Speckin,* 290 id. 181; *Kirby* v. *Kirby,* 236 id. 255; *Northern Railroad Co.* v. *Demarest,* 94 N. J. L. 68, 108 Atl. 376;) and that the open, hostile and exclusive possession so continued uninterruptedly for the full statutory period. (*Ely* v. *Brown,* 183 Ill. 575; *Jackson* v. *Berner,* 48 id. 203; *Turney* v. *Chamberlain,* 15 id. 271.) There is no presumption that the claimant entered into exclusive possession of the land, that his entry was hostile and adverse, or that it continued after it was established. All these facts must be established by legal and competent evidence but not necessarily by direct evidence. Adverse possession may be established by circumstantial evidence precisely as other facts may be so established. (*Grim* v. *Murphy,* 110 Ill. 271; *Sawbridge* v. *City of Fergus Falls,* 101 Minn. 378, 112 N. W. 385.) Proof of the record title makes a *prima facie* case, and possession in another than the holder of the record title is presumed to be in subordination to the title. Where the party in possession claims title to the land by adverse possession he must establish his claim by a preponderance of the evidence. (*Rich* v. *Naffziger,* 248 Ill. 455; *Fox* v. *Spears,* 78 Ark. 71, 93 S. W. 560.) The fact that the presumption is in favor of the holder of the record title and that clear and convincing proof is required to establish a title by adverse possession does not militate against the rule that in civil cases a preponderance is all that is necessary to support a verdict. (*Connor* v. *Pushor,* 86 Me. 300, 29 Atl. 1083; *Inhabitants of Cohasset* v. *Moors,* 204 Mass. 173, 90 N. E. 978; *Green* v. *Anglemire,* 77 Mich. 168, 43 N. W. 772; *Jones* v. *Hughes,* — Pa. —, 16 Atl. 849; *Nichols* v. *Thompson,* — Mo. —, 181 S. W. 385; *Railroad Co.* v. *Williams,* — Tex. —, 178 S. W. 701.) At the request of appellant the court instructed the jury that he was entitled to a verdict if he sustained his claim by a preponderance of the evidence. Instruction No. 16 should not have been given as submitted, but in view of the record no harm was done.

Instruction No. 19 says:

"If you believe from the evidence that the defendant Kinsella was in adverse possession of said land, and that before the twenty years adverse possession ended he claimed that said land did not belong to him, but belonged to the New York Central Railroad Company, then the defendant has no defense to this action, and you should find for the plaintiff."

This instruction is objectionable for the reason that it singles out particular testimony and calls it to the attention of the jury. The same may be said of instruction No. 21, which directs attention to "any statements which you may believe from the evidence were made by the defendant Kinsella regarding the ownership of the property." Instruction No. 19 is also subject to the objection that it might be construed by the jury as a statement of law to the effect that a claim made by Kinsella adverse to the claim he makes on the trial would be a conclusive bar to his defense in an action of ejectment.

There are other objections made to instructions, but we do not consider it necessary to further extend this opinion by discussing them. Taken as a series they fairly state the law of the case.

Appellant fails to establish his defense by a preponderance of the evidence. The weight of the evidence is clearly in favor of appellee. When the drainage district including these lands filed its assessment roll in 1917, appellant filed objections to it on the ground that it included with his lands the tract in dispute. Neither appellant nor Sheridan ever paid taxes on this tract nor exercised any act of ownership over it adverse to the title of appellee. Appellee has title to the land and has paid taxes and drainage assessments on it each year that appellant claims to have been in adverse possession. The most that appellant's evidence shows is that the land was of such little value that it was not fenced by appellee and that livestock on appellant's

ranch was permitted to run over it. No other verdict than the one returned could stand. The errors occurring on the trial did not prejudice appellant.

Appellant claims that he has had but one trial because the court directed a verdict on the first two hearings and that he is entitled to another trial under the statute. This contention is contrary to the law and the facts. When he asked for his second trial under the statute he admitted he had had one trial.

The judgment is affirmed.

*Judgment affirmed.*