53  12u
25a 309

## ANTHONY S. SEELY et al.

### v.

## SAMUEL WELLS.

1. EVIDENCE—*certificate of register of land office.* The official certificate of the register of any land office of the United States, to any fact or matter on record in his office, is made evidence in any court in this State, and is made competent to prove the fact so certified.

2. SAME—*certified copies from general land office.* The exemplification of the books and records of the general land office of the United States, certified under the seal of that office, is evidence in our courts, on the general principles of evidence.

WRIT OF ERROR to the Circuit Court of Greene county; the Hon. CHARLES D. HODGES, Judge, presiding.

This was an action of ejectment, brought by Anthony S. Seely and Hiram Parr, against Samuel Wells, to obtain possession of a certain tract of land in Greene county. It is stipulated that on the trial the plaintiffs, to sustain their case, produced a certificate of entry of the tract of land in controversy, made by one John W. Davis, on the sixth of March, 1867, and signed by William F. Elkin, Register of the Land Office at Springfield, State of Illinois, the hand writing of whom was proven by the plaintiffs. Also, that plaintiffs offered in evidence, without objection, a deed to the land from Davis to the plaintiffs. That the defendant then offered in evidence, against the objection of the plaintiffs, certain certificates of the register of the land office at Springfield, of matters appearing of record in that office, and also certain transcripts of records and certificates from the general land office at Washington city, certified to and signed by James S. Wilson, under the seal of the U. S. General Land Office, from which evidence of the defendant, it appears that prior to the entry of the land in question by Davis, the plaintiffs' grantor, the county commissioners of Greene county, Illinois, had selected the lands for school purposes, which selection was approved by the treasury department of the United States, March 1, 1827, and that the entry of Davis was, in May, 1867, canceled and vacated, by order of the commissioner of the general land office, because the grant of lands to the State of Illinois, for support of schools, had been so approved. Under this evidence, the court below found for the defendant, and entered judgment accordingly. And to reverse this judgment, the plaintiffs sued out this writ of error, and assign for error, the admission in evidence on behalf of defendant, of the certificates of the register at Springfield, and the certificates of the commissioner of the general land office, with the abstract of the records of his office.

Messrs. WOODSON & WITHERS, for the plaintiffs in error.

Mr. N. M. Knapp and Mr. J. W. English, for the defendant in error.

Mr. Chief Justice Breese delivered the opinion of the Court:

The question submitted by stipulation of the parties in this case, must be decided in favor of the defendant in error.

The official certificate of the register of any land office of the United States, to any fact or matter on record in his office, is made evidence in any court in this State, and is made competent to prove the fact so certified. Scates' Comp. 255.

The exemplification of the books and records of the general land office, certified under the seal of the office, is evidence in our courts, on the general principles of evidence. 1 Starkie's Ev. 230 ; 1 Greenleaf's Ev. sec. 483 and onward. *Lane* v. *Bommelmann*, 17 Ill. 95.

These seem to show that just forty years prior to the entry of Davis of this land at the land office, it had been selected by the proper authority of Greene county, in which it is located, for school purposes, and the selection approved by the general land office.

There is, therefore, no shadow of title in plaintiffs. The judgment of the circuit court is affirmed.

*Judgment affirmed.*