Edward D. Tucker

v.

The People of the State of Illinois.

*Filed at Ottawa May 15, 1886.*

1. Bigamy—*sufficiency of indictment.*  An indictment charging the de-
fendant with having married in this State one who then became his lawful
wife, and afterward, in another State, unlawfully marrying another woman
while yet the lawful husband of the first, never having been divorced from
her, and she being then living, and that he afterward unlawfully cohabited
with the last woman in this State, is sufficient to show a case of bigamy,
under our statute.

2. Same—*proof of second marriage—admission of defendant.*  Where
an indictment for bigamy charges the second marriage to have been made in
a certain other State named, and subsequent cohabitation with the second
wife in this State, the admission of the defendant that he had married her,
is not sufficient proof of the marriage in such other State, which is neces-
sary to be proved as charged; nor is such admission sufficient evidence of a
marriage in this State.

3. Same—*certified copy of certificate of marriage, to prove marriage.*
On the trial of one for bigamy, the prosecution, to prove the second marriage
in another State, offered in evidence a certificate of a clerk of the district
court of such State that there was in his office a record of a marriage license
and certificate of marriage, giving a copy thereof, to which was attached a
certificate of the judge of the court that the clerk's attestation was in due
form, which the court admitted, over the defendant's objection:  *Held,* in the
absence of proof that such entries were required to be kept by some law of
the State from which they came, the certificate and exemplification were not
admissible in evidence.

4. Evidence—*registers of births and marriages.*  Registers of births
and marriages made pursuant to the statutes of any of the United States, are
competent evidence; but when not made under the sanction of law and official
duty, they are not evidence.

Writ of Error to the Circuit Court of Kankakee county;
the Hon. Alfred Sample, Judge, presiding.

Mr. Daniel H. Paddock, for the plaintiff in error:

Courts of one State can not take judicial notice of the laws
of another State.  *Tinkler* v. *Cox,* 68 Ill. 119 ; *Mason* v. *Walsh,*

Breese, 39; *Crouch* v. *Hall*, 15 Ill. 264; *Merritt* v. *Merritt*, 20 id. 65; *Noes* v. *Van Alstyne*, id. 210; *State* v. *Palmer*, 18 Vt. 570; *People* v. *Lambert*, 5 Mich. 349; *Bird* v. *Commonwealth*, 21 Gratt. (Va.) 800.

A record must come from a proper repository,—a repository provided by the laws of that State. Greenleaf on Evidence, 486.

A record from a foreign State will not be admitted until it is proven that the record is authorized. *Bryant* v. *Keton*, 1 Texas, 434; Roscoe's Crim. Evidence, 321, ed. of 1854.

There must be a marriage in fact proven. (*Nuberg* v. *State*, 25 Wis. 370.) The fact of marriage must be established. *Commonwealth* v. *Littlejohn*, 15 Mass. 162; *State* v. *Russell*, 6 Conn. 448; *Lambert* v. *People*, 5 Mich. 349; *Case* v. *Case*, 17 Cal. 598; *People* v. *Humphrey*, 7 Johns. 598; *Graham* v. *People*, 1 Park. Cr. 378; *People* v. *Hennessy*, 15 Wend. 148.

The validity of a marriage depends on the law where made.

Where the charge is marriage in one State and cohabitation in another, and indictment is for unlawful cohabitation by reason of the unlawfulness of the marriage, must aver and prove marriage unlawful where contracted. *State* v. *Palmer*, 18 Vt. 570; 1 Camp. 61; *People* v. *Lambert*, 5 Mich, 349; *Rex* v. *Frazer*, 2 R. & M. 407; Bishop on Statutory Crimes, title "Polygamy."

If it is not shown marriage is unlawful where contracted, then prisoner must be acquitted. *People* v. *Mosher*, 2 Park. Cr. 195; *State* v. *Palmer*, 18 Vt. 570.

Statutes of other States can not be offered in evidence unless they be exemplified under the act of Congress, or unless they are published by due authority, as provided by the statute of our State. *Eagan* v. *Conolly*, 107 Ill. 458; *Louisville* v. *Shires*, 108 id. 617; *Lafayette Bank* v. *Stone*, 2 id. 424; *Sisk* v. *Woodruff*, 15 id. 15; Greenleaf on Evidence, 4863, 478.

When A marries B, and during B's life marries C, and during C's life marries D, the last marriage is not bigamous

as to the second marriage, because the second marriage is void. *Halbrook* v. *State*, 34 Ark. 511.


Mr. H. L. RICHARDSON, State's Attorney, for the People:

Counsel cites Greenleaf on Evidence, 486, to the effect that a record must be shown to have come from a proper repository, to make it evidence. This may be true, but by the act of Congress, when records are properly authenticated they are bound to be admitted as evidence, if pertinent to the issue.

The admission of defendant that he had married Mary E. Markham, was sufficient evidence of the second marriage, independently of the record evidence.

Under section 29 of the Criminal Code, the statute provides that "it shall not be necessary to prove either of the marriages by the register or certificate thereof, or other record evidence, but the same may be proved by such evidence as is admissible to prove a marriage in other cases." *Jackson* v. *People*, 2 Scam. 232; *Miner* v. *People*, 58 Ill. 60; *Bergen* v. *People*, 17 id. 426.

In other cases, marriage may be proved by cohabitation, by introducing as his wife, holding out to the world as his wife, joining in deeds, and admitting a marriage, etc. It is wholly immaterial, under our statute, where the parties were married, if they continue to cohabit together as man and wife in this State.


Per CURIAM: This was an indictment for bigamy, upon which the defendant was convicted, and sentenced to two years' imprisonment in the penitentiary, and to pay a fine of $500. The indictment charged that the defendant, on the 15th day of April, 1872, in Cook county, Illinois, married one Mary I. Bennett, who then became his lawful wife; that afterwards, on the 19th day of September, 1883, at St. Paul, in the county of Ramsey, in the State of Minnesota, he unlawfully married one Mary E. Markham, while the defendant

was yet the lawful husband of the said Mary I. Bennett, never having been divorced from her, and she being then living; and that afterwards the defendant did unlawfully cohabit with the said Mary E. Markham, in the county of Kankakee, in this State. The charge makes the offence, under our statute.

Proof was made of the previous marriage to Mary I. Bennett, in this State. Objection is made that there was not competent proof of the marriage to Mary E. Markham in Minnesota, or that such marriage was, by the law of Minnesota, unlawful. To prove the alleged marriage in Minnesota, there was introduced in evidence a certificate, under the hand and seal of the clerk of the District Court of the Second Judicial District of Minnesota, that there was in such office a certain record of marriage license and certificate, whereof the marriage license and certificate is in the words and figures following, to-wit, (showing a marriage license and certificate of a clergyman that on the 19th day of September, 1883, at St. Paul, in the State of Minnesota, he joined in marriage the defendant and Mary E. Markham.) There was the accompanying certificate of the judge, that the attestation of the clerk was in due form. There was no evidence whatever of any law or usage of Minnesota upon the subject. We have a statute making the register of marriages in this State evidence of a marriage. It not only does not appear that there is any such statute in Minnesota, but it does not appear that by the laws of Minnesota there is any provision for the keeping of a register of marriages. It is laid down in 1 Greenleaf on Evidence, sec. 484, that registers of births and marriages made pursuant to the statutes of any of the United States, are competent evidence. It is because of their being made by public authority and under the sanction of official duty, that they, and exemplified copies of them, are received in evidence. It does not appear that the registry in question was made by any such authority or sanction, it appearing, merely, that there were in the clerk's office such a marriage

license and certificate of marriage, copies of which were given. We are inclined to hold there was error in admitting the certificate of the register in evidence.

It is contended that the second marriage was otherwise proved by the admission of the defendant. His admission, as testified to, was, he said he had married Mary E. Markham. This was not evidence of the place of the marriage,—that it was in Minnesota, as charged in the indictment,—and which charge, we think, made it necessary to prove that the second marriage was in Minnesota.

There is a further count in the indictment alleging the second marriage to have been in this State; but the admission equally fails to prove this allegation.

For the error indicated, the judgment will be reversed and the cause remanded.

*Judgment reversed.*