## MERCHANTS' NAVIGATION COMPANY

v.

## MARIA AMSDEN.

*Personal Injuries—Compensatory Damages—Whether Excessive—Exclusion of Evidence in Mitigation—Ownership of Vessel—Records of Collector of Customs—Copies Admissible.*

1. Copies of the last enrollment of a vessel and of a bill of sale of the same, duly certified by a collector of customs, are competent evidence to show the ownership of such vessel.

2. In an action to recover damages for personal injuries, wherein the instructions limit the recovery to compensatory damages, the defendant can not complain of the exclusion of evidence in mitigation of damages.

3. In the case presented this court declines to hold that the damages recovered are excessive.

[Opinion filed February 1, 1888.]

IN ERROR to the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. ROBERT RAE, for plaintiff in error.

Messrs. ABBOTT, OLIVER & SHOWALTER, for defendant in error.

BAILEY, J. This was an action on the case, brought by Maria Amsden against the Merchants' Navigation Company, to recover damages for a personal injury. The trial resulted in a verdict and judgment in favor of the plaintiff for $2,000, and the defendant brings the record here by writ of error.

The injury complained of was caused by a collision of the propeller, William J. Averill, against the bridge over the Chicago River, at State Street, Chicago, while the plaintiff was crossing said bridge on a street car, and it was admitted at the trial by counsel for the defendant that the circumstances of the injury as shown by the evidence, were sufficient to warrant a verdict for the plaintiff, provided the defendant's ownership of the propeller was sufficiently established.

The collision that resulted in said injury took place on the 15th day of June, 1885, and to establish the ownership of the propeller on that day, the plaintiff read in evidence, without objection, a copy of the record of the last preceding enrollment of said vessel, authenticated by the certificate of the collector of customs of the port of Detroit that it was a true copy of said enrollment on file in his office. Said enrollment is dated May 15, 1884, and shows by its recitals that the evidence required by law was presented to said collector proving that the Detroit Dry Dock Company was then the sole owner of said vessel, and that said vessel was duly enrolled as its property. The plaintiff also offered in evidence a copy of a bill of sale of said vessel, executed by the Detroit Dry Dock Company to the defendant, bearing date April 15, 1885, duly acknowledged and recorded in the office of the collector of customs of the port of Detroit, said copy being authenticated by the certificate of said collector as a true copy of said record. Said document was objected to by the defendant's counsel on the ground that a certified copy of said bill of sale was not competent evidence for any purpose, but said objection was overruled and said document admitted in evidence.

We are of the opinion that both of said documents are competent evidence, and that they are sufficient to establish *prima facie* the defendant's ownership of the vessel. Both relate to matters in respect to which the law requires records to be kept by collectors of customs. Section 4319 of the Revised Statutes of the United States provides for the granting of enrollment of vessels to the owners thereof by collectors of customs, upon due proof under oath of such ownership, and requires a record of such enrollment to be made and an abstract or copy thereof granted to the owners. Section 4193 requires collectors to record all bills of sale of vessels in books to be kept for that purpose, but provides that no such bill of sale shall be recorded unless duly acknowledged. Section 4192 provides that no such bill of sale shall be valid against any person other than the grantor, his heirs and devisees, and persons having actual notice, unless recorded, and section 4194 requires the collector to furnish certified copies of such records on receipt of a prescribed fee.

The following authorities sustain the ruling of the court admitting said papers in evidence: 1 Greenlf. on Ev., Secs. 483–485; Lane v. Bommelmann, 17 Ill. 95; Seely v. Wells, 53 Ill. 120; People v. Lee, 112 Ill. 113; Tucker v. People, 117 Ill. 88; C. & N. W. Ry. Co. v. Trayer, 17 Ill. App. 136; Sampson v. Noble, 14 La. An. 347.

The effect of said documents as evidence is manifestly to show, *prima facie* at least, that, at the date of the plaintiff's injury, the defendant was the owner of said vessel. In Sampson v. Noble, *supra*, the precise questions here presented, both as to the admissibility and effect of certified copies of the enrollment and of a bill of sale of a vessel, were raised, and it was held that such copies were admissible as evidence and that they tended to show that the vendee, named in the bill of sale, was the owner of the vessel.

It is insisted by the defendant that the damages awarded by the jury are excessive. The evidence as to the severity of the plaintiff's injuries, and especially as to the permanency of their effect, is somewhat conflicting, but taking the evidence adduced by the plaintiff as true, we can not say that the dam-

ages are excessive. True, it is conceded that the case is not one for punitive damages, but if the plaintiff's injuries are such, both in their nature and results, as she claims and as her evidence tends to show, we can not say that the amount recovered exceeds a reasonable and fair compensation.

Some complaint is made of the refusal by the court to admit certain evidence offered by the defendant in mitigation of damages, tending to show that the proper officers of the United States had just introduced a new code of signals on the lake to be used upon vessels of the description of the one in question, and that the accident by which the plaintiff was injured happened through a misunderstanding by the officers of the vessel of the new code of signals. The court during the trial and in the instructions to the jury, held that the case was not one for punitive damages, and therefore, as no damages were recoverable, and none as it is to be presumed were recovered, beyond compensatory damages, we are unable to see how the defendant has been injured by the exclusion of evidence in mitigation. If the defendant was liable at all, the plaintiff was entitled to recover compensation, and it is manifest that the measure of such compensation depended wholly upon the nature and severity of her injuries and the pecuniary losses which she has sustained by reason thereof, and not at all upon the excuses or palliations of the negligent conduct of its servants which the defendant might be able to present.

There being no error in the record, the judgment will be affirmed.

*Judgment affirmed.*