HARRY L. BLACK, Defendant in Error, *vs.* THE CHICAGO,
    BURLINGTON AND QUINCY RAILROAD COMPANY, Plain-
    tiff in Error.

*Opinion filed December 15, 1908—Rehearing denied Feb. 4, 1909.*

1. EVIDENCE—*courts take judicial notice that the United States
originally owned lands granted to State.* Courts take judicial no-
tice that the United States was the original proprietor of lands
granted to the State; that section 16 in each township was so
granted for school purposes, and that in fractional townships for
which no land had been appropriated certain quantities of land, to
be selected by Secretary of the Treasury, were granted to the State.

2. SAME—*official certificate of register of land office is com-
petent to prove fact certified.* Under the Evidence act the official
certificate of a register or receiver of a land office of the United
States to any fact or matter on record in his office is evidence
and competent to prove the fact so certified.

3. SAME—*exemplification of records by recorder of land office
is competent evidence.* An exemplification, certified by the re-
corder of the general land office, of a list of lands selected under
the act of Congress on May 20, 1826, relating to selection of school
lands in fractional townships, is competent evidence of the truth
of its recitals under the general rules of evidence.

4. SAME—*what proof shows that lands were selected by Secre-
tary of Treasury.* A certificate of the recorder of the general land
office of the United States that a report by the register of the
land office, showing the tracts of land selected by the surveyor of
school lands, is a true and literal exemplification of the original
list of lands approved by the Secretary of the Treasury, is proof

of the fact that the selection made by the surveyor was approved by the Secretary of the Treasury, and amounts to proof of a selection by the latter.

5. School Lands—*lands selected in fractional townships for school purposes were granted to State.* Lands selected in fractional townships for school purposes, in lieu of section 16, were not granted to the township but to the State, since they were to be held on the same tenure and upon the same terms as section 16, the title to which was held by the State.

6. Same—*title of State is not mere dry or passive trust.* The State is not a mere naked trustee of lands selected in fractional townships for school purposes but is a purchaser for valuable consideration, with full power to sell or lease the school lands for the use of the schools, as the legislature may provide, and the title to such lands remains in the State until it is granted by the State.

7. Ejectment—*plaintiff may introduce plats to identify property.* A plaintiff in ejectment seeking to recover a tract of land by a certain description who shows a grant to the State of Illinois and a patent to him from the State, in which the description corresponds with the description in the declaration, may introduce plats for the purpose of identifying the property, and if defendant claims that there is no such property he must show such fact.

8. Limitations—*statute does not run against the State.* As distinguished from a minor municipality holding title to land for a purely local use, the Statute of Limitations does not run against the State holding title to land in its sovereign capacity, and no delay in resorting to the remedy while such title is held by the State will bar the right to recover the land in an action of ejectment.

Writ of Error to the Circuit Court of Cass county; the Hon. Harry Higbee, Judge, presiding.

Sweeney & Walker, (Chester M. Dawes, of counsel,) for plaintiff in error.

Milton McClure, for defendant in error.

Mr. Chief Justice Cartwright delivered the opinion of the court:

Harry L. Black, defendant in error, brought his action of ejectment in the circuit court of Cass county against the Chicago, Burlington and Quincy Railroad Company, plain-

tiff in error, to recover possession of a tract of land described in the amended declaration as fractional block 103½ of School Commissioners' addition to Beardstown, in section 14, township 18, north, range 12, west of the third principal meridian. An issue was formed under the plea of the general issue and the cause was tried by the court without a jury. The plaintiff claimed title through a grant from the United States to the State of Illinois of the west half of said section 14 for school purposes, in pursuance of a selection by the Secretary of the Treasury, and by a patent from the State of Illinois to him dated September 17, 1907, and the defense was adverse possession of the block for twenty-seven years. The court found the issue for the plaintiff and entered judgment accordingly for the possession of the premises and for costs. The writ of error in this case was sued out from this court to bring the record here for review.

The questions presented are, first, whether the plaintiff made out a case entitling him to judgment; and second, whether adverse possession for over twenty years was a defense to the action.

By act of Congress section No. 16 in every township was granted to the State, for the use of the inhabitants of such township, for school purposes, and in order to make provision for the support of schools in fractional townships for which no land had been appropriated for that purpose, the act of Congress of May 20, 1826, reserved and appropriated for each fractional township a certain amount of land. By section 2 of the act the tracts so appropriated were to be selected by the Secretary of the Treasury, to be held by the same tenure and upon the same terms, for the support of schools in such township, as section No. 16 was or might be held in the State where the township was located. The plaintiff offered in evidence an exemplification certified by the recorder of the general land office on March 20, 1908, of a list of lands selected under that act, showing

the selection of the west half of section 14, township 18, north, range 12, west, by the State of Illinois. The list consisted of a report by Thomas Cox, register at Springfield, Illinois, of the tracts of land selected by James C. Stephenson, surveyor of the school lands on the Illinois river, including the tract in question, and the recorder of the general land office certified that it was a true and literal exemplification of the original list of lands approved by the Secretary of the Treasury on February 27, 1827. The plaintiff then offered in evidence the record of an original plat of School Commissioners' addition to Beardstown under a survey made February 24, 1832, in which the fractional block now in question had no number. He then offered a plat of said fractional block, acknowledged by the board of school trustees of the township on April 25, 1907, by which they caused the fractional block to be surveyed and numbered. This proof was followed by the introduction of the patent dated September 17, 1907, from the State of Illinois to the plaintiff.

Courts take judicial notice that the United States was the original proprietor of the lands granted to the State; that section 16 in each township was so granted for school purposes, and that in fractional townships for which no land had been appropriated certain quantities of land were granted to the State, to be selected by the Secretary of the Treasury. *Smith* v. *Stevens,* 82 Ill. 554; *Chicago and Alton Railroad Co.* v. *Keegan,* 185 id. 70.

It is urged that there is no proof that the west half of section 14 was selected by the Secretary of the Treasury. But the certificate of the recorder of the general land office recites that the list shows the selection of that tract by the State of Illinois, approved by the Secretary of the Treasury on February 27, 1827, which is proof of the fact that the selection as made by Stephenson was approved by the Secretary of the Treasury and amounted to a selection by him. The official certificate of a register or receiver of a

land office of the United States to any fact or matter on record in his office is evidence and competent to prove the fact so certified under the statute in regard to evidence and depositions in civil cases, and the official certificate of Cox was evidence of the selection by Stephenson, surveyor of the school lands. The exemplification of the books and records of the general land office certified by the recorder was competent evidence of the truth of its recitals under the general rules of evidence. *Seely* v. *Wells,* 53 Ill. 120; *Wilcox* v. *Jackson,* 109 id. 261.

Counsel say that the lands to be selected in lieu of section 16 were not granted to the State but were granted directly to the township. We do not so understand the act of Congress, under which the lands were to be held by the same tenure and upon the same terms, for the support of schools, as section No. 16, the title of which was held by the State.

Another proposition advanced is, that the title of the State was a mere dry or passive trust, which the Statute of Uses would execute, and the legal title was thereby placed in the inhabitants of the township. The State did not become a mere naked trustee but was a purchaser for valuable consideration, with full power to sell or lease the school lands for the use of schools, as the legislature might provide and as might be considered most beneficial for the public. (*Bradley* v. *Case,* 3 Scam. 585; *Trustees of Schools* v. *Schroll,* 120 Ill. 509.) The legal title to the land in controversy remained in the State until the grant to plaintiff.

It is further contended that the plats introduced in evidence were not valid or sufficient to confer title on the plaintiff for want of proof that the preliminary steps prescribed for the sale of school lands and platting the same were taken. If it would have been necessary in any case to prove that such steps were taken in order to sustain a plat made in the year 1832, it was not necessary in this

case. The plaintiff was endeavoring to recover a tract of land by a certain description, and showed a grant to the State of Illinois and a patent to him from the State. It was proper for him to introduce the plats for the purpose of identifying the property. (*Allmendinger* v. *McHie,* 189 Ill. 308.) The description of the patent corresponded with the description in the declaration, and if defendant claimed there was no such property it should have shown the fact. (*Glanz* v. *Ziabek,* 233 Ill. 22.) The plaintiff proved title to the land in controversy.

The defendant proved that it had been in possession of the tract of land for twenty-seven years and had its tracks on it, together with a pump and well and a small building ten by fifteen feet. It had no title but had a conveyance from another railroad company, which only purported to cover such lands as that railroad company owned. The defendant's grantor had no title and the only defense was the Statute of Limitations, which does not run against the State so long as it holds title for the use of the public or a portion thereof. (*Trustees of Commons* v. *McClure,* 167 Ill. 23.) The maxim of the common law, *nullum tempus occurrit regi,* extends to the State in its sovereign capacity as to all governmental matters, and no delay in resorting to the remedy will bar the right. The reason for the maxim fails in the case of a minor municipality holding the title of property for purely local use, and therefore the exemption does not extend to it. (*Brown* v. *Trustees of Schools,* 224 Ill. 184.) The title to the property in controversy here was in the State in its sovereign capacity during the time defendant claims the Statute of Limitations was running against it, and that defense was not available.

The judgment is affirmed.    *Judgment affirmed.*