HARRY L. BLACK, Appellee, *vs.* THE CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY, Appellant.

*Opinion filed February 16, 1910.*

1. EJECTMENT—*when railroad is estopped to deny existence of street and city's control over it.* A railroad company which takes a lease from a city of the privilege of laying tracks in a certain street and of joint use of such street with the public is estopped to deny the existence of such street, and the city's control over it, by asserting that the land was school land and that school officers had no authority to lay out such land in lots, blocks and streets.

2. SAME—*proviso to section 3 of act of 1852 does not apply to school lands.* In view of the amendment of 1853 to the act of 1852, by which amendment a method was provided by which railroad companies might condemn a right of way through school lands in townships not yet organized, the proviso to section 3 of the act of 1852, granting a right of way one hundred feet wide in case a railroad should be located upon land belonging to the State, does not apply to school lands.

3. RAILROADS—*the location of a railroad is a corporate act of the board of directors.* The location and width of the right of way of a railroad can only be determined by the board of directors, and if the only corporate action in that respect is the taking of a lease from a city of the privilege of laying its tracks in a street

fifty feet wide, the fact that the company took possession of the adjoining block affords no evidence of a location of the road on such a block.

4. PRACTICE—*court is not required to stay execution without any request.* In an ejectment suit against a railroad company the court is not required to stay execution to enable defendant to condemn the land, where no request is made for such stay.

·APPEAL from the Circuit Court of Cass county; the Hon. GUY R. WILLIAMS, Judge, presiding.

SWEENEY & WALKER, (CHESTER M. DAWES, and J. A. CONNELL, of counsel,) for appellant.

MILTON, McCLURE, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This is the same action of ejectment brought in the circuit court of Cass county by the appellee, against the appellant, for the recovery of fractional block 103½ of School Commissioners' addition to Beardstown in which a judgment in favor of the plaintiff was affirmed by this court. (*Black* v. *Chicago, Burlington and Quincy Railroad Co.* 237 Ill. 500.) That judgment was set aside by the trial court on motion of the defendant and the payment of costs in pursuance of the statute, and a new trial was granted. The cause was tried by the court and resulted in a finding that the defendant was guilty of withholding from plaintiff the block in controversy and that plaintiff had title in fee simple thereto. The defendant excepted to the finding and moved for a rehearing and new trial, but the motion was overruled and judgment was entered in favor of the plaintiff for the possession of the premises and costs. From that judgment this appeal was prosecuted.

On the second trial the plaintiff again proved title in himself through a grant from the United States to the State of Illinois for school purposes and a patent from the

State of Illinois to him.   The defense made on the first trial under the Statute of Limitations was not again interposed, but the defendant claimed title to that portion of the block lying within twenty-five feet of Morgan street by a grant from the State of Illinois to the Rockford, Rock Island and St. Louis Railroad Company, its predecessor in title, under and by virtue of the proviso to section 3 of the act of June 22, 1852, entitled "An act to amend the law condemning right of way for purposes of internal improvement."   That section specified how notices of filing petitions and making applications for the appointment of commissioners to fix compensation and assess damages for lands required for the construction or use of a railroad should be given to the owners of the lands or persons interested therein, and it was followed by this proviso: "*Provided,* if such railroad or other public work shall be located on land, the property of the State, the right of way, not exceeding one hundred feet in width, is hereby granted to such company, corporation or individual."   The railroad was located in the center of Morgan street, which was fifty feet wide, and the block in question adjoins Morgan street.   It was claimed that at the point where this block was located the proviso operated as a grant of the lands of the State within fifty feet of the center line.   The city of Beardstown, on April 3, 1869, executed a lease to the Rockford, Rock Island and St. Louis Railroad Company of the privilege of laying down its railroad tracks in Morgan street from the southerly limits of the city to the river and a joint use of the street with the public.   It is contended that this was a location on lands of the State which vested in the railroad company title to a one hundred foot right of way, which would include twenty-five feet of this block.   There is a controversy and much argument between counsel whether the State had power to dispose of school lands by a donation to a railroad company; whether the school officers had authority to lay out school

lands into town lots and streets; whether the plat in this case was so executed as to vest the fee in the city of Beardstown or whether the public had only an easement and the fee remained in the State. But none of these questions are of any importance in the decision of this case. Questions concerning power of school officers to lay out towns or additions to towns, with lots, blocks and streets, are not relevant, for the reason that the defendant was estopped from denying the existence of Morgan street and the control of the city over it. It took a lease from the city for ninety-nine years, and must admit the power of the school officers at least to make the dedication. If the law required the plat to be acknowledged and it was not done, so that the public only acquired an easement and the fee would pass to the adjoining lot owners, the defendant furnished no evidence that the lots had not been sold. The street was in a city, and for aught that appears the lots, with the exception of this block, had all been sold, so that the fee in the street was no longer in the State.

If the fee in the street, or any part of it, remained in the State, there is good ground for saying that the proviso had no reference to school lands. The act of June 22, 1852, was amended by an act approved February 12, 1853, to enable railroad companies to obtain the right of way on school lands in townships not yet organized. It provided that if the route of a railroad should be located upon section 16 in any township not organized, the company should have power to condemn so much of the section as might be necessary, not exceeding ten acres; that notice of application for the appointment of commissioners to fix compensation and assess damages should be sufficient if served upon the school commissioner of the county in which the section was situated, and that the damages assessed or compensation allowed should be paid into the school fund of the county for the use of the inhabitants of the township and paid over to the treasurer when the township should be

afterward organized. The proviso to section 3 remained in the act as amended, and the amendatory act showed that it had no reference to school lands and only related to lands not held by the State for school purposes. The fee of this block was in the State, but it was school land, and under the statutes the proviso to section 3 did not include it.

But if all other questions are laid aside, the foundation for any claim of a donation by the State to the railroad company was wholly wanting. The essential condition was that the railroad should be located on land the property of the State, and there was no evidence tending to prove that the railroad was ever located on this block or any part of it. The railroad company was organized under a special act in force February 16, 1865, and among the corporate powers was the power to locate a railroad from the city of Rockford, by the way of certain cities, to a point on the east bank of the Mississippi river opposite the city of St. Louis. It was authorized to locate the railroad of the width of one hundred feet, but it was not required to take that width, and it acquired by the lease only fifty feet on Morgan street through the city of Beardstown. That is the only act looking at all like a location, which is a corporate act and results only from some definite action on the part of the corporation itself. (3 Elliott on Railroads, sec. 927.) The road could only be located by action of the board of directors and not by acts of engineers or agents. The general act for the organization of railroad companies provided that every company, before proceeding to construct a part of its road through any county, should make a map of the route intended to be adopted by such company, which should be certified by a majority of the directors and filed in the office of the county clerk of such county or the clerk of the county commissioners' court, and the general regulations governing railroads required a map of the land taken or obtained for the use of a railroad to be made and filed in the office of the Secretary of State,

and also like maps of the parts located in different counties to be filed in the office for recording deeds in the several counties.    Whether the Rockford, Rock Island and St. Louis Railroad Company was subject to these provisions or not, it cannot be doubted that the location and width of the right of way could only be determined by the board of directors.    The fact that the company took possession of an adjoining block afforded no evidence of a location on the twenty-five feet adjoining the street.    It simply took possession of the whole block, without any location at all.

The second ground of attack upon the judgment is, that the plat showed the block to have a frontage of one hundred and fifteen feet on Morgan street, while the defendant's civil engineer testified that the plat was inconsistent with the recorded points of the compass and streets in Beardstown, and that if the basis of the frontage on Fifth street was correct, then the frontage on Morgan street would be only 108.2 feet.    It is contended that this evidence showed the recovery to be for too much land, but the judgment followed the declaration and the patent from the State and gave no distances or dimensions of the block. The question whether the block fronts 108.2 feet on Morgan street or 115 feet is entirely immaterial.    The plaintiff is entitled to the block of land, whatever its dimensions may be.

Finally, it is urged that the judgment is wrong because the court did not stay execution to enable the defendant to condemn the property.    It does not appear that the defendant asked for any stay for such purpose, and it was not incumbent upon the court to make an order of that kind that was not asked for.

The judgment is affirmed.        *Judgment affirmed.*