THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EDWARD B. PRICE, Plaintiff in Error.

*Opinion filed April 19, 1911.*

1. CRIMINAL LAW—*bigamous marriage and subsequent cohabitation are distinct offenses.* The offenses of a bigamous marriage and subsequent cohabitation are so far distinct that an indictment charging the bigamous marriage may be presented in the county where such marriage took place and an indictment charging the unlawful cohabitation be presented where cohabitation took place.

2. SAME—*a prosecution for unlawful cohabitation must be carried on where cohabitation took place.* While it was within the power of the legislature to provide, in section 28 of the Criminal Code, that cohabitation under a bigamous marriage shall be punishable as bigamy, yet the prosecution for such offense must be begun and carried on where the cohabitation took place.

3. SAME—*averment that lawful wife was alive when cohabitation with bigamous wife occurred is essential.* Where a prosecution for bigamy is based upon the continued cohabitation under a bigamous marriage, it is essential that the indictment allege that the lawful wife was alive when such cohabitation took place, and an averment that she was alive when the bigamous marriage in another county took place is not sufficient. (*Tucker* v. *People,* 117 Ill. 88, disapproved.)

4. SAME—*no presumption can be indulged to aid defective indictment.* Failure of an indictment to aver that the defendant's lawful wife was living when the cohabitation between the defendant and his bigamous wife occurred cannot be aided by any presumption as to the continuance of life of the lawful wife, who was averred to have been alive when the bigamous marriage took place in another county.

HAND, CARTWRIGHT and CARTER, JJ., dissenting.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. KICKHAM SCANLAN, Judge, presiding.

B. M. THOMAS, for plaintiff in error.

W. H. STEAD, Attorney General, JOHN E. W. WAYMAN, State's Attorney, and W. EDGAR SAMPSON, (ZACH HOFHEIMER, of counsel,) for the People.

Mr. CHIEF JUSTICE VICKERS delivered the opinion of the court:

Edward B. Price was convicted in the criminal court of Cook county under an indictment charging him with the offense of bigamy and sentenced to an indeterminate term in the penitentiary. He has sued out of this court a writ of error for the purpose of bringing the record of his conviction before this court for review.

Numerous errors are assigned upon the record and argued in the briefs of counsel, but in the view that we have of this case it will only be necessary to consider the error assigned upon the overruling of plaintiff in error's motion to quash the indictment.

The indictment, omitting the formal parts, is as follows: "That one Edward B. Price, late of the county of Cook, on the third day of July, in the year of our Lord one thousand nine hundred and four, at the city of St. Joseph, in the State of Michigan, did lawfully marry one Ida M. Lambur and then and there did have the said Ida for his wife, and that he, the said Edward B. Price, afterwards, and while he was so married to the said Ida, as aforesaid, to-wit, on the first day of May, in the year of our Lord one thousand nine hundred and nine, in Kane county, in the State of Illinois, feloniously and unlawfully did marry and take to wife one Cora L. Suck, otherwise called Cora Zuck, and to her, the said Cora, was then and there last aforesaid

married, the said Ida, the said former wife, being then alive, and the said Edward B. Price, at the time of his said marriage to the said Cora, well knowing that the said Ida, his former wife, was then alive, and afterwards, to-wit, on the ninth day of May, in the year of our Lord one thousand nine hundred and nine, he, the said Edward B. Price, unlawfully and feloniously with the said Cora did live and cohabit and continue to cohabit with the said Cora, his second wife, as aforesaid, in the said county of Cook and State of Illinois aforesaid, contrary to the statute and against the peace and dignity of the same People of the State of Illinois."

The objection pointed out to this indictment is, that it nowhere charges that the wife, Ida, was alive at the time the offense of unlawful cohabitation is alleged to have been committed in Cook county.

Sections 28 and 29 of our Criminal Code, relating to the offense of bigamy, are as follows:

"Sec. 28. Whoever, having a former husband or wife living, marries another person, or continues to cohabit with such second husband or wife in this State, shall be deemed guilty of bigamy, and be imprisoned in the penitentiary not less than one nor more five years, and fined not exceeding $1000: *Provided,* nothing herein contained shall extend to any person whose husband or wife shall have been continually absent from such person for the space of five years together, prior to said second marriage, and he or she not knowing such husband or wife to be living within that time. Also, nothing herein contained shall extend to any person that, or shall be at the time of such second marriage, divorced by lawful authority from the bands of such former marriage, or to any person where the former marriage hath been, by lawful authority, declared void.

"Sec. 29. It shall not be necessary to prove either of the marriages by the register or certificate thereof, or other

record evidence; but the same may be proved by such evidence as is admissible to prove a marriage in other cases. The offense may be alleged to have been committed, and the trial may take place in the county where cohabitation shall have occurred."

It will be observed that the offense of bigamy may be committed by marrying another person while the former husband or wife is living, or by continuing cohabitation with such second husband or wife in this State while such former husband or wife is still alive. The offense of which plaintiff in error was convicted was unlawful cohabitation in Cook county in pursuance of a bigamous marriage contracted in Kane county, Illinois. The situation presented is as follows: Plaintiff in error contracted his first and lawful marriage in St. Joseph, Michigan, on the third day of July, 1904. He contracted his second and bigamous marriage in Kane county, Illinois, on May 1, 1909. He unlawfully cohabited with his second wife in Cook county, Illinois, on May 9, 1909.

It is contended on behalf of the State that the offense for which plaintiff in error was indicted and convicted was the bigamous marriage in Kane county, as to which the indictment charges that the wife, Ida, was then alive, and that the true construction of our statute which makes continued cohabitation an offense is merely intended to give the court where such cohabitation occurs, jurisdiction of the offense of bigamy that was committed when the marriage was contracted in a county or State other than that in which the prosecution occurs. The construction contended for, in our opinion, if allowed to prevail, would render the statute open to a constitutional objection. Clearly, the legislature would have no power to make an act committed in a foreign State or country a felony in this State simply because the offender might be found and apprehended here. There is no doubt of the power of the legis-

lature, for the protection of good morals and the punishment of indecency, to make the cohabitation of a man and woman begun under a bigamous marriage in another State or country a felony in this State, and a prosecution for that offense must be begun and carried on in the county where the unlawful cohabitation occurs. *State* v. *Stewart,* 194 Mo. 345; 112 Am. St. Rep. 529.

In the case above cited the Supreme Court of Missouri had under consideration a case where the party charged had contracted a bigamous marriage in Alexander county, Illinois, and subsequently removed to St. Louis and there continued to cohabit with his bigamous wife while his first and lawful wife was still living. The statute of Missouri, like that of Illinois, made continued cohabitation in Missouri, founded on a bigamous marriage, bigamy. It was there contended that the legislature had no power to make cohabitation in Missouri a distinct felony. That contention was overruled, and the Supreme Court, in an exhaustive and well considered opinion, held that the legislature had the power to make the mere continuation of cohabitation a distinct felony, and the fact that the legislature had seen proper to call the offense thereby created bigamy was no objection to the validity of the statute. The same court, in *State* v. *Smiley,* 98 Mo. 605, held a statute unconstitutional which provided that "an indictment for bigamy * * * might be found and proceedings, trial, conviction, judgment and execution thereon had in the county in which such second or subsequent marriage or cohabitation shall have taken place or in the county in which the offender may be apprehended." That portion of the statute which purported to confer jurisdiction on the court in any county in which the offender was apprehended was held invalid under the constitution of Missouri. The ground upon which this decision rests is, that the constitution of Missouri requires that an indictment for felony must be found by the

250 — 8

grand jury of the county where the offense was committed. A similar statute was held unconstitutional in the Supreme Court of Arkansas in *Wall* v. *State,* 32 Ark. 565.

The English statute on the subject of bigamy permits the prosecution for a bigamous marriage to be carried on "in the county where the offender shall be apprehended or be in custody," but Mr. Bishop, in his work on Statutory Crimes, observes that he has not found much of this sort of legislation in America, and adds that in "some of the States it would be constitutionally objectionable, particularly as respects the place of trial."

Section 9 of the bill of rights provides that in criminal prosecutions the accused shall have the right to "a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed." Unless the continuation of cohabitation in pursuance of a bigamous marriage is regarded as an offense committed in the county where such cohabitation occurs we are unable to see how the statute can be held constitutional. In the case at bar the bigamous marriage was contracted in Kane county. The offense of bigamy was complete in Kane county when the marriage was contracted. If plaintiff in error were indicted in that county it would not be necessary to allege or prove cohabitation, but the offense committed in Cook county was cohabitation in pursuance of the unlawful marriage in Kane county. The two offenses are so far distinct and separable that an indictment might have been presented in Kane county for the unlawful and bigamous marriage and in Cook county for the unlawful cohabitation in pursuance thereof.

The only further inquiry is, was. it essential to allege that at the time of the unlawful cohabitation in Cook county the former wife was then alive? Regarding the unlawful cohabitation as a distinct offense committed in Cook county on the 9th of May, 1909, it was a necessary element of

that offense that the former spouse of plaintiff in error was then alive. In the case of *Prichard* v. *People,* 149 Ill. 50, this court held that the indictment for bigamy, which failed to charge that at the time of the alleged bigamous marriage the former wife was then alive, was not sufficient. The statute then read, as it does now, that "whoever, having a former husband or wife living, marries another person or continues to cohabit with such second husband or wife in this State, * * * shall be deemed guilty of bigamy." The phrase, "having a former husband or wife living," in our statute, cannot be limited in its application to the first offense of marrying another person, but applies also to the other offense created by the words "continues to cohabit with such second husband or wife in this State." In the case above cited, this court, on page 54 of the opinion, said: "It is, of course, indispensable to the commission of the crime of bigamy that the first husband or wife should be living at the time of the second marriage. Indeed, the crime, by its very definition, consists of marrying a second husband or wife while the first husband or wife is living and undivorced."

The case of *Tucker* v. *People,* 117 Ill. 88, is relied on by the State as an authority in support of the sufficiency of the indictment under consideration. In that case the indictment charged that the defendant, on the 15th day of April, 1872, in Cook county, Illinois, married one Mary I. Bennett, who then became his lawful wife; that afterwards, on the 19th of September, 1883, at St. Paul, in the county of Ramsey, in the State of Minnesota, he unlawfully married Mary E. Markham while the defendant was yet the lawful husband of the said Mary I. Bennett, never having been divorced from her and she being then living, and afterwards the defendant did unlawfully cohabit with the said Mary E. Markham in the county of Kankakee, in this State. The sufficiency of the indictment in that case does not appear to

have been challenged either by a motion to quash or otherwise. After setting out the substance of the indictment as above, the court makes this statement: "The charge makes the offense under our statute."

The indictment in the *Tucker case* had the precise defect in it that exists in the one now under consideration, but inasmuch as the sufficiency of the indictment was not in question in that case, the remark above quoted must be held as mere *obiter*. So far as we have been able to find, no case has been decided by this court involving the precise point that is here involved. While the Tucker indictment was similar to the one at bar, that case is not an authority. We think, on principle, that the indictment must be held fatally defective for want of an averment that plaintiff in error's former wife was living at the time of the unlawful cohabitation in Cook county. This question is not to be confounded with the question of proof or presumptions. If the averment were in the indictment, proof that his former wife was alive at some time prior to the date in question might afford a basis for a presumption of fact that she was alive at the date in question; but the question here is not one of proof but of pleading, and no presumption can be indulged in support of a defective statement in an indictment.

For the error in overruling the motion to quash the indictment the judgment of the criminal court of Cook county is reversed.               *Judgment reversed.*

HAND, CARTWRIGHT and CARTER, JJ., dissenting:

The case of *Tucker* v. *People,* 117 Ill. 88, has been recognized and acted upon as the law of this State for twenty-five years, and we do not think that it should now be overruled, as is done by the majority opinion.